526 So.2d 674 (1988)
DEPARTMENT OF TRANSPORTATION, Petitioner,
v.
Dr. and Mrs. Augusto LOPEZ-TORRES, Town of Ocean Ridge and Audubon Society of the Everglades, Respondents.
No. 69035.
Supreme Court of Florida.
April 14, 1988.
Rehearing Denied July 7, 1988.
Maxine F. Ferguson, Appellate Atty. and A.J. Spalla, General Counsel, Dept. of Transp., Tallahassee, for petitioner.
Hugh MacMillan, Jr. of Hewitt & MacMillan, P.A., Palm Beach Gardens, James R. Brindell of Gunster, Yoakley, Criser & Stewart, P.A., and John C. Randolph of Johnston, Sasser, Randolph & Weaver, West Palm Beach, for respondents.
James W. Vance of Janes W. Vance, P.A., West Palm Beach, amicus curiae for City of Boynton Beach, Fla.
J. Michael Haygood of Haygood & Williams, P.A., West Palm Beach, amicus curiae for Boynton Beach Community Redevelopment Agency.
KOGAN, Justice.
The District Court of Appeal, Fourth District, has certified the following as questions of great public importance:
I. Has the legislature preempted municipalities from exercising any control over the establishment of state roads and bridges?
II. Does the DOT have the authority to route a state road bridge through or into a municipality in a corridor that specifically conflicts with the municipality's comprehensive growth plan?
III. Were the procedural standards employed in the case at bar sufficient to justify the DOT's decision on the merits?
Lopez-Torres v. Department of Transportation, 488 So.2d 848 (Fla. 4th DCA 1986). This Court has jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution. *675 For the reasons expressed we answer the first two questions in the affirmative and the third question in the negative, and remand this cause for a full evidentiary hearing.
The dispute arose between the Lopez-Torres and the Department of Transportation (DOT) over the DOT's decision to construct a replacement state road bridge 700 feet north of the existing Boynton Beach span. Although the DOT objected, the town of Ocean Ridge and the Audubon Society were permitted to intervene. The respondents filed a motion for summary recommended order, asserting that the DOT was precluded from relocating the proposed replacement bridge because the relocation site was inconsistent with the comprehensive plan of Ocean Ridge, enacted pursuant to section 163.3161, Florida Statutes (1985).
Although other issues were alleged in the pleadings which instituted this administrative proceeding,[*] the parties stipulated that the hearing would only address the issue of law in the respondents' motion for summary recommended order. The hearing officer subsequently issued a recommended order barring the DOT from relocating the state road bridge as a matter of law because the proposed relocation was inconsistent with, and therefore precluded by, Ocean Ridge's comprehensive plan.
After reviewing the record the Secretary of the Department of Transportation entered a final order which adopted the findings of fact set forth in the recommended order. However, the Secretary rejected the hearing officer's conclusions of law, finding those conclusions disturbed the DOT's plenary and exclusive power granted to it by the legislature to plan, establish and locate the state road system. No full evidentiary hearing was held, and the DOT entered a final administrative order authorizing construction of the bridge at the new location.
On appeal the Fourth District Court of Appeal found reversible error on the ground that the respondents had been denied due process of law because they never received a full evidentiary hearing on the merits. The district court concluded that the DOT's power, while plenary, was not absolute and therefore, after reexamining the evidence, declared that the DOT's decision to relocate the bridge was clearly erroneous and constituted an abuse of discretion. The district court reversed and remanded the cause for a full hearing pursuant to section 120.57(1), Florida Statutes (1983).
The legislature has statutorily vested a broad discretionary authority in the DOT to plan and construct state roads and bridges. The Florida Transportation Code (Code) (codified as chapters 334-39, 341, 348 and 349, and sections 332.003-.007, 351.35-.37, and 861.011), section 334, Florida Statutes (1985), provides for a statewide transportation system under the supervision and control of the DOT. The Code specifies the responsibilities of the DOT, the counties, and the municipalities, establishing a stratified structure of control under which the DOT has the primary power to plan, construct and maintain the state road system. As Judge Anstead correctly points out in his dissent, this Court in Webb v. Hill, 75 So.2d 596 (Fla. 1954), explained that the DOT's authority preempts municipalities from exercising any control over the establishment of state roads and bridges:
The boards of municipalities and counties of the state are vested with no authority, duty or discretion with reference to the location, designation and construction of the state roads comprising the state highway system... . The authority to exercise discretion and make decisions is vested in the State Road Department by the Legislature.
75 So.2d at 599. We agree that the discretionary authority over the state road system still rests with the DOT and reject the respondents' argument that the present *676 statutory law of Florida grants authority to a municipality to exercise control over the establishment of state roads and bridges.
Although the primary responsibility for planning the location of state roads and bridges rests with the Department of Transportation, local governments are required to develop and adhere to comprehensive planning programs pursuant to the Local Government Comprehensive Planning and Land Development Regulation Act (Act) (codified at section 163.3161-.3215), section 163.3161, Florida Statutes (1985). Among the issues to be included in a community's plan are those issues addressing existing and proposed transportation routes. The intent of the Act was to encourage and assure coordination between state and local levels of government in planning and development activities. § 163.3164, Fla. Stat. (1985). We see no reason to engage in an analysis of each statutory provision cited by the respective parties. A careful reading of the Act in pari materia with the Code reflects that local governments and the DOT should cooperate and coordinate their transportation planning efforts to the greatest extent possible; but the Act does not divest the DOT of its plenary power to plan and construct state roads and bridges. By virtue of its preemptive authority, the DOT may route a state road bridge through or into a municipality by way of a corridor that conflicts with the municipality's comprehensive growth plan. If the DOT was bound to build the proposed bridge at the existing location in accordance with the comprehensive plan of Ocean Ridge, then the construction site of the bridge would be inconsistent with the comprehensive plan of Boynton Beach. Without this preemptive authority the DOT would have no way to resolve any conflict between the comprehensive plans of neighboring communities with the respect to the location of state roads and bridges.
This is not to say, however, that the DOT's power, while plenary, is absolute. We agree with the fourth district court's reading of State of Florida v. Florida State Improvement Comm'n., 75 So.2d 1 (Fla. 1954), that the power vested in the DOT is not absolute and is limited to the lawful exercise of its discretion. Its dictates can be overridden if they are found to be without authority and constitute an abuse of discretion. Webb at 599. The DOT must exercise its discretion to devise plans and select sites that best serve the public need. In so doing it is incumbent upon the DOT to comply with the relevant statutory scheme authorizing the planning and construction of our state roads and bridges, including the provisions requiring public hearings and consideration of local conditions.
While we agree that the power vested in the DOT is limited to the lawful exercise of its discretion, we do not agree with the fourth district that an examination of the record in this case, consisting primarily of the DOT's internal files, yields a finding that the DOT's final order authorizing the bridge construction in the new location was "clearly erroneous and constituted an abuse of discretion." Although a hearing was held, the parties stipulated that the only issue to be addressed was the narrow point of law raised in the respondents' motion for summary recommended order  whether the DOT is precluded from choosing a construction site for the proposed bridge that is inconsistent with Ocean Ridge's comprehensive plan. No factual findings were made regarding the respondents' other allegations. Because a full evidentiary hearing was never held in which the respondents could present evidence to determine whether the DOT abused its discretion, it is not possible to conclude the DOT's decision to relocate the bridge was unlawful. Whether the DOT abused its discretion is a question of fact that must be determined in a full evidentiary hearing.
Accordingly, we agree with the fourth district that the respondents were denied due process of law because no full evidentiary hearing was held. However, we disapprove of the district court's analysis that an abuse of discretion has been shown. This question of fact must be determined in a full evidentiary hearing by a hearing *677 officer based upon all of the evidence presented. Therefore, we approve the decision of the district court to the extent it is consistent with this opinion, quash that portion in which the district court finds the Department of Transportation abused its discretion, and remand for a full evidentiary hearing.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and GRIMES, JJ., concur.
NOTES
[*] The Lopez-Torres allege in their request for an administrative hearing that the relocation of the bridge "will have the effect of destroying the quality of the residential property of petitioner and will also be destructive to environmentally sensitive property immediately adjacent to the residence of petitioner."