GODERICH, Judge.
The respondent, Carlos C. Vicaria, M.D., appeals from a final order of the Florida Board of Medicine. We affirm.
On July 26, 1994, the Department of Health filed a four-count administrative complaint alleging that Vicaria, a licensed physician in the State of Florida, had committed gross or repeated malpractice, had failed to keep written medical records justifying the course of treatment of a patient, had inappropriately prescribed medication to a patient prior to examining her, and had backdated a patient’s admission note. Those charges were based upon Vicaria’s failure to examine a forty-six year-old female patient during the eleven hours that she was hospitalized prior to her death.
Although the case was originally submitted to the Division of Administrative Hearings, on March 3, 1997, the parties filed a Joint Motion to Relinquish Jurisdiction that provided, in relevant part, as follows:
1. [Vicaria] has provided counsel for [the Department] with a new Election of Rights form indicating that he agrees not to contest the allegations of the Administrative Complaints filed in this matter, but wishes to be accorded an informal hearing pursuant to Section 120.57(2), Florida Statutes, at which time [he] will be permitted to submit oral and written evidence in mitigation to the Board of Medicine.
2. Accordingly, there are no longer any remaining material disputes of fact in this matter.
On March 6, 1997, the administrative law judge entered an order granting the motion.
On April 4, 1997, the matter came before the Board of Medicine. At the hearing, the Board accepted and adopted the allegations of fact and the conclusions of law as articulated by the Department of Health in the administrative complaint. The Board also considered the mitigating evidence presented by Vicaria.
The Department of Health recommended a penalty of a thirty-day suspension of Vica-ria’s license, an administrative fine of $5,000, a probationary period of eighteen months with indirect supervision, and continuing education requirements in risk management and record keeping. On the other hand, Vicaria sought a lesser penalty that required no suspension and consisted of a fine, community service, and continuing medical education.
The Board of Medicine ultimately voted to impose a penalty that consisted of a one-year suspension of Vicaria’s license, with six months stayed pending compliance with the other requirements of the order, including continuing medical education, followed by three years of probation, and an administrative fine of $2,500. On May 1,1997, the final order was entered. Vicaria’s appeal follows.
Vicaria contends that the Board of Medicine’s final order of suspension is legally insufficient because it fails to state with particularity the reasons, with supporting cita *287 tions to the record, why the Board increased the penalty from that recommended by the Department of Health. § 120.57(l)(j), Fla. Stat. (1997). We disagree with Vicaria’s contention that the Board’s final order of suspension is legally insufficient and find that Vicaria’s reliance on section 120.57(1) is misplaced.
Section 120.569, Florida Statutes (1997), reads, in pertinent part, as follows:
(1) The provisions of this section apply in all proceedings in which the substantial interests of a party are determined by an agency.... Unless waived by all parties, s. 120.57(1) applies whenever the proceeding involves a disputed issue of material fact. Unless otherwise agreed, s. 120.57(2) applies in all other cases.
Vicaria correctly states that section 120.57(1), the section* that provides additional procedures for hearings involving disputed issues of material fact, does contain a requirement that an agency that wishes to deviate from the penalty recommended by the hearing officer shall completely review the record, state with particularity its reasons for the modification, and provide record citations justifying the action. § 120.57(l)(j), Fla. Stat. (1997). However, section 120.57(2), the section that provides additional procedures for hearings involving no disputed issues of material fact, contains no such requirement.
In the instant case, the parties specifically expressed their intent to conduct an informal hearing pursuant to section 120.57(2) because there were no disputed issues of material fact. To this end, the parties stipulated in their Joint Motion to Relinquish Jurisdiction that “there are no longer any remaining material disputes of fact in this matter” and that Vicaria would be “accorded an informal hearing pursuant to Section 120.57(2), Florida Statutes.”
Because the section that dictates additional procedures for hearings involving no disputed issues of material fact contains no requirement that an agency that deviates from the recommended penalty must state with particularity the reasons for the deviation, we must construe this to mean that the legislature did not intend for this requirement to apply to hearings involving no disputed issues of material fact. James v. Department of Corrections, 424 So.2d 826, 827 (Fla. 1st DCA 1982)(“Expressio unius est exclusio alterius is a general principle of statutory construction which states that the mention of one thing implies the exclusion of another. Thus, where a statute enumerates the things on which it is to operate, it is ordinarily construed as excluding from its operation all those not expressly mentioned.”). Therefore, we conclude that the Board of Medicine’s final order of suspension is legally sufficient.
Alternatively, Vicaria argues, that at the hearing, he objected to the severity of the penalty and that the Board of Medicine failed to comply with the procedures for hearings not involving disputed issues of fact by failing to provide a written explanation for overruling the objection within seven days. § 120.57(2)(a)(3), Fla. Stat. (1997). A careful reviéw of the hearing transcript reveals that although Vicaria objected to the severity of the penalty that was imposed, he provided no factual or legal basis for the objection. Thus, the Board was not obligated to provide Vica-ria a written explanation for overruling the objection.
.Lastly, we note that the Board of Medicine acted well within its discretion in choosing to increase the recommended penalty and properly sanctioned Vicaria within the recommended range of penalties provided by the disciplinary guidelines. § 458.331(2), Fla. Stat. (1997); Fla. Admin. Code R. 64-B8-8.001.
Affirmed.