722 So.2d 234 (1998)
TWINS D & D, INC., d/b/a Gulfport Liquors/Sharp A's Lounge, Appellant,
v.
DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, Appellee.
No. 97-01494
District Court of Appeal of Florida, Second District.
November 25, 1998.
Garth R. Goodman and Robert W. Pope, St. Petersburg, for Appellant.
Lisa S. Nelson, Deputy General Counsel, Dept. of Business and Prof. Regulation, Tallahassee, for Appellee.
PER CURIAM.
Twins D & D, Inc. ("Twins D & D"), appeals a final order of the Department of Business and Professional Regulation ("Department") revoking its alcohol license. We reverse and remand for an informal hearing before a different hearing officer.
On September 27, 1996, the Division of Alcoholic Beverages and Tobacco ("DABT") initiated an administrative action charging Twins D & D with thirteen counts of unlawfully selling, possessing, and delivering marijuana and cocaine, and one count of unlawful possession of lewd video tapes with intent to *235 sell. The Department conducted an informal telephonic hearing on February 17, 1997. Thereafter, the Department entered a final order revoking Twins D & D's alcohol license. In this final order, in a section entitled "Other Mitigation," the Department found that there had been an ex parte communication between the hearing officer who conducted the informal hearing and an officer of the Gulfport Police Department. Nevertheless, the Department entered the order revoking Twins D & D's license.
On appeal, the Department concedes that this ex parte communication was improper. The Department argues that the final order should be reversed for another informal hearing in front of a different hearing officer. Twins D & D argues that the case should be remanded for a formal hearing.
We agree that the Department's final order must be reversed for another hearing before a different hearing officer. However, Twins D & D failed to object to the agency's decision to grant an informal hearing, despite several opportunities to demand a formal hearing pursuant to section 120.57(1), Florida Statutes (1997). Having failed to do so, Twins D & D did not preserve this issue for review. See A.H. Robins v. Ford, 468 So.2d 318 (Fla. 3d DCA 1985); Murray v. Chillemi, 396 So.2d 1222 (Fla. 4th DCA 1981). Accordingly, we remand for an informal hearing.
Reversed and remanded for an informal hearing before a different hearing officer.
QUINCE, A.C.J., and WHATLEY and SALCINES, JJ., Concur.