783 So.2d 1186 (2001)
CITY OF SARASOTA, and Bridge Too High Committee, Appellants,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Town of Longboat Key and Good Bridge 2000, Appellees.
Nos. 1D00-0609, 1D00-0644.
District Court of Appeal of Florida, First District.
April 26, 2001.
David M. Levin of Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, attorney for Appellant City of Sarasota.
Dan R. Stengle of Hopping, Green, Sams, & Smith, P.A., Tallahassee; Richard L. Smith of Nelson & Hesse, Sarasota, attorneys for Appellant Bridge Too High Committee.
Lori A. Sellers, Rumberger, Kirk & Caldwell, Tallahassee, attorney for Amicus Curiae Florida League of Cities, Inc., for Appellants.
Terrell K. Arline, Tallahassee, attorney for Amicus Curiae 1000 Friends of Florida, Inc., Tallahassee, for Appellants.
Pamela S. Leslie, General Counsel; Marianne A. Trussell, Deputy General Counsel, attorneys for Appellee Department of Transportation, Tallahassee.
BROWNING, J.
The City of Sarasota and Bridge Too High Committee (collectively "Appellants") appeal the final order of Appellee Department of Transportation (DOT) entered after an administrative hearing, wherein Appellants challenged DOT's decision to replace a drawbridge with a 65-foot, fixed-span bridge. The administrative law judge entered a recommended order finding DOT had not abused its discretion in reaching its decision, and recommending DOT issue a final order approving *1187 the replacement bridge. In its final order, DOT adopted the recommended order but, in addition, held its decision to replace the bridge is not subject to review under the provisions of chapter 120, Florida Statutes, and, if it is, Appellants lack standing to challenge the decision. Appellants appealed DOT's final order on four grounds: (1) DOT's decision to construct the replacement bridge is agency action subject to review under chapter 120, Florida Statutes; (2) Appellants are substantially affected parties with standing to challenge the decision; (3) DOT failed to conduct the required public hearings before making its decision; and (4) in reaching its decision, DOT failed to follow its own regulations. DOT responded that: (1) its decision to construct the replacement bridge was made as part of its agency strategic plan, and thus was not subject to the provisions of chapter 120, Florida Statutes; (2) alternatively, Appellants could not satisfy the "substantial interest" test required to confer standing; and (3) its final order was supported by competent substantial evidence. We reverse those portions of the final order which provide DOT's decision to replace the bridge is not subject to review under the provisions of chapter 120, Florida Statutes, and that Appellants lack standing to challenge such decision. We affirm the remainder of the final order.
We cannot agree that DOT's decision to construct and locate the replacement bridge is part of its strategic plan under sections 186.022 & 339.155(3)(b), Florida Statutes, thus making it exempt from the provisions of chapter 120, Florida Statutes. To the contrary, we find the decision to be a part of the "development of [a] major transportation improvement[]" under section 339.155(6)(b), and, accordingly, subject to the provisions of chapter 120, Florida Statutes. Because DOT erred in concluding otherwise, we reverse that portion of the final order.
We also conclude that DOT erred by holding Appellants lack standing to raise a challenge under the provisions of chapter 120, Florida Statutes. DOT's holding has been shown by ample precedent to be ill-founded, and we reverse that portion of the final order without further comment. See Department of Transp. v. Lopez-Torres, 526 So.2d 674 (Fla.1988); see also Ereg, et al. v. Dep't of Transp., DOT Case No. 94-0003, aff'd, Save Anna Maria, Inc. v. Dep't of Transp., 744 So.2d 476 (Fla. 2d DCA 1999); Friends of Hatchineha, Inc. v. Dep't of Envtl. Prot., 580 So.2d 267 (Fla. 1st DCA 1991); Agrico Chemical Co. v. Dep't of Envtl. Regulation, 406 So.2d 478 (Fla. 2d DCA 1981).
We affirm the remainder of the final order which adopts the recommended order of the administrative law judge.
AFFIRMED in part and REVERSED in part.
DAVIS and PADOVANO, JJ., concur.