POLEN, J.
This appeal arises from a final order of the Department of Business and Professional Regulation (DBPR) suspending Doreen Campbell’s real estate license for one year and imposing an administrative fine of $2,500. For the reasons explained below, we reverse that order.
Doreen Campbell is a state certified real estate residential appraiser. She was charged with violating the standard for developing or communicating an appraisal and for failing to exercise reasonable diligence in developing the report. Campbell disputed some of the factual allegations in the complaint and the case was referred to the division of administrative hearings. After a hearing, the Department of Business and Professional Regulation suspended Doreen Campbell’s real estate license for one year and imposed an administrative fine of $2,500.
On appeal, Campbell asserts that disputed issues of material fact came up at the informal hearing that should have resulted in a formal hearing being conducted.
*1266 Section 120.57, Florida Statutes, provides the applicable procedures that apply in hearings involving disputed issues of material facts as well as hearings that do not. The statutory section that applies to hearings involving disputed factual issues provides in part that “an administrative law judge assigned by the division shall conduct all hearings under this subsection ....”§ 120.57(l)(a), Fla. Stat. (1996) The statute also provides that:
When, in any proceeding conducted pursuant to this subsection, a dispute of material fact no longer exists, any party may move the administrative law judge to relinquish jurisdiction to the agency. An order relinquishing jurisdiction shall be rendered if the administrative law judge determines from the pleadings, depositions, answers to interrogatories, and admissions on file, together with supporting and opposing affidavits, if any, that no genuine issue as to any material fact exists. If the administrative law judge enters an order relinquishing jurisdiction, the agency may promptly conduct a proceeding pursuant to subsection (2), if appropriate, but the parties may not raise any issues of disputed fact that could have been raised before the administrative law judge.
§ 120.57(l)(i)(1996), Fla. Stat.
We find it telling that under the notes of the amendments to this statutory provision the original statute included the sentence: “[ujnless waived by consent of all parties and the agency involved, subsection (1) shall apply to the extent that the proceeding involves a disputed issue of material fact.” However, that sentence is no longer part of the statute. Rather, the statute now provides the procedures that shall apply when there is a disputed issue of material fact. As a result, we believe the legislature specifically intended the right to a formal hearing under this provision to not be subject to waiver.
In addition, Rule 28-106.35 of the Florida Administrative Code clearly states that if during an informal hearing a disputed issue of material fact arises, the proceeding shall be terminated and proceed as a formal hearing. As a result, we reject the Department’s contention that Campbell’s right to a formal hearing was waived.
Once a disputed issue of material fact came out at the informal hearing, Campbell was entitled to a formal hearing. For that reason, we reverse the order and send the case back for a formal hearing pursuant to section 120.57(1), Florida Statutes (1996).
We are unpersuaded by the other issues raised in this appeal.
REVERSED AND REMANDED.
WARNER and KLEIN, JJ., concur.