978 So.2d 195 (2008)
Ronny GOODSON, Appellant,
v.
FLORIDA DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, DIVISION OF REAL ESTATE, Appellee.
No. 1D07-1468.
District Court of Appeal of Florida, First District.
February 19, 2008.
Rehearing Denied April 8, 2008.
*196 Timothy P. Atkinson and Gavin D. Burgess of Oertel, Fernandez, Cole & Bryant, P.A., Tallahassee, for Appellant.
Jennifer A. Tschetter, Assistant General Counsel, Department of Business and Professional Regulation, Tallahassee, for Appellee.
THOMAS, J.
In this administrative appeal, Appellant challenges a final order by which the Florida Department of Business and Professional Regulation (the Department) revoked his Florida real estate licenses. Appellant argues that the Department's administrative complaint did not contain sufficient factual allegations to support the charged infractions. We affirm this issue without comment. Appellant also argues that the Department failed to comply with section 455.225(5), Florida Statutes, because it did not terminate the informal hearing Appellant elected to have once disputed issues of fact arose. We affirm on this issue, as it is not properly preserved for review.
Appellant was charged with violating numerous provisions of section 475.25(1), Florida Statutes, regulating the practice of licensed Florida real estate brokers. After affirmatively indicating that he did not dispute the allegations of fact set forth by the Department to support these charges, Appellant elected to appear, pro se, at an informal hearing before the Florida Real Estate Commission, pursuant to section 120.57(2), Florida Statutes. During the course of this hearing, he made various statements that potentially raised disputed issues of material fact. He did not, however, request that the informal hearing be terminated in lieu of a formal hearing or otherwise object to the continuation of the proceedings before the Commission. Appellant argues on appeal that, despite his silence on the issue, the Commission was required by operation of section 455.225(5), Florida Statutes, to terminate the hearing and refer the matter to the Division of Administrative Hearings once disputed issues of fact arose. We disagree.
Section 455.225(5) provides, in relevant part, "If any party raises an issue of disputed fact during an informal hearing, the hearing shall be terminated and a formal hearing pursuant to chapter 120 shall be held." Despite the mandatory language of this provision, it is well established that a claim of error, even in the administrative context, cannot be raised for the first time on appeal. See Twins D & D, Inc. v. Dep't of Bus. & Prof'l Reg., 722 So.2d 234 (Fla. 2d DCA 1998); Shady Oaks Mobile Modular Estates v. Florida Pub. Serv. Comm'n, 654 So.2d 678 (Fla. 1st DCA 1995). We see no reason to relax *197 this principle in the present case. Indeed, at least one other Florida appellate court has concluded that the very argument raised by Appellant is subject to the rule of preservation. See Stueber v. Gallagher, 812 So.2d 454 (Fla. 5th DCA 2002).
To support his position that this issue is one that may be raised for the first time on appeal, Appellant cites Mixon v. Department of State, Division of Licensing, 686 So.2d 755 (Fla. 1st DCA 1997). We find that decision to be unavailing. In Mixon, this court reversed the revocation of the appellant's professional license following an informal hearing that was not terminated in lieu of a formal hearing once disputed issues of fact arose; however, nothing in our opinion indicates that the issue was not properly preserved for appeal or was being considered as a matter of fundamental error, and we decline to employ such a reading. The order revoking Appellant's real estate licenses is accordingly AFFIRMED.
VAN NORTWICK and LEWIS, JJ., concur.