979 So.2d 1050 (2008)
Bruce ROSENZWEIG, Boca Raton Bicycle Club, and League of American Bicyclists, Appellants,
v.
DEPARTMENT OF TRANSPORTATION, Town of Ocean Ridge, Town of Gulf Stream, Town of Manalapan, South Palm Beach, and Palm Beach, Appellees.
No. 1D07-1373.
District Court of Appeal of Florida, First District.
March 25, 2008.
Rehearing Denied April 30, 2008.
*1051 Katherine E. Giddings and P. Bruce Culpepper of Akerman Senterfitt, Tallahassee; Jeffrey C. Lynne of Akerman Senterfitt, Ft. Lauderdale; and Lawrence D. Silverman of Silverman Cosgrove & Sammataro, Miami, for Appellants.
Alexis M. Yarbrough, General Counsel, and Robert B. Vanhorne, Assistant General Counsel, Department of Transportation, Tallahassee, for Appellee Department of Transportation; Kenneth G. Spillias of Lewis, Longman & Walker, P.A., West Palm Beach, for Appellees Town of Ocean Ridge, Town of Gulf Stream, Town of Manalapan, Town of South Palm Beach and Town of Palm Beach.
*1052 WOLF, J.
Appellants (Bruce Rosenzweig, Boca Raton Bicycle Club, and League of American Bicyclists) challenge a final order rendered by the Interim Secretary of the Department of Transportation (Department), appellee, which adopted the factual and legal findings of the hearing officer's Recommended Order. The order concluded that appellants did not have administrative standing to challenge the Department's implementation of section 335.065, Florida Statutes, and it interpreted section 335.065, Florida Statutes, as giving the Department almost absolute discretion in dispensing with bicycle lanes on state road projects. Although we find that appellants had standing to challenge the Department's implementation of section 335.065 in the State Road A1A project and we agree with appellants' interpretation of section 335.065, Florida Statutes, we are constrained to affirm the final order because appellants waived their right to go to a formal hearing before the Division of Administrative Hearings by not requesting a formal hearing at any time. Accordingly, we affirm the Final Order.

Facts
Appellants filed an amended administrative petition against the Department alleging that the Department failed to comply with statutory law and administrative rules pertaining to the design and placement of bicycle lanes in conjunction with the resurfacing, restoration, and rehabilitation of State Road A1A in Palm Beach County. The amended petition stated that petitioners did not know if there were disputed issues of material fact and also asserted that the cost of placing standard five-foot bicycle lanes throughout parts of the project would not be excessively disproportionate to the need or probable use of such. Because the amended petition did not identify any disputed issues of material fact, pursuant to section 120.57(2), Florida Statutes, an informal hearing was set for December 11, 2006.
On or about November 13, 2006, a petition to intervene was filed by the Town of Ocean Ridge, Town of Gulf Stream, Town of Manalapan, South Palm Beach, and Palm Beach (Intervenors). The Order Granting Intervention was filed on November 16, 2006.
An informal hearing took place before the Department's hearing officer on December 11, 2006. Appellants used their exhibits to argue the Department owns significant right-of-way in 90% of the State Road A1A project and that a five-foot bicycle lane along that right-of-way would be feasible. The Department, on the other hand, called the district consultant project manager, and he testified the Department considered several aspects of the project in determining that a five-foot bicycle lane would not be feasible. The project manager explained that the entire State Road A1A project was comprised of ten smaller projects beginning in Boca Raton and ending in Lake Worth. He explained which factors were considered by the Department in either establishing or not establishing bicycle lanes in each of the ten projects. Factors considered by the Department included: 1) whether a bicycle lane was pre-existing; 2) the number of developments with sidewalks; 3) the characteristic of the landscape, driveways, utilities, vertical drains; 4) the impact on private facilities; 5) the presence of the statutorily protected Australian pines; 6) Resolution 5402 (entered into by several towns affected by the State Road A1A project); 7) the ocean and ocean levels; and 8) the narrowness of the available right-of-way. The project manager further testified the Department conducted a cost-benefit analysis and also considered the crash data available.
*1053 At no point during the informal hearing did appellants notify the hearing officer that there was a disputed issue of material fact requiring the case to be transferred to the Division of Administrative Hearings (DOAH).
The hearing officer filed a Recommended Order on February 26, 2007, concluding appellants did not have administrative standing to challenge the Department's actions, and it also concluded that section 335.065, Florida Statutes, gives the Department discretion to implement the statute and does not require bicycle lanes and pedestrian ways to be established above all other concerns.

Standing
Whether appellants have standing to challenge the Department's implementation of section 335.065, Florida Statutes, is a question of law. The standard of review of an agency decision based upon an issue of law is whether the agency erroneously interpreted the law and, if so, whether a correct interpretation compels a particular action. Fla. Hosp. v. Agency for Health Care Admin., 823 So.2d 844, 847 (Fla. 1st DCA 2002) (citing § 120.68(7)(d), Fla. Stat. (1997)).
Section 120.52(12)(b), Florida Statutes, provides that a party to an administrative proceeding is "any person . . . whose substantial interests will be affected by proposed agency action, and who makes an appearance as a party." Substantial interests are demonstrated if: 1) the party will suffer injury in fact which is of sufficient immediacy to entitle him to a section 120.57 hearing, and 2) the party's substantial injury is of a type or nature which the proceeding is designed to protect. Agrico Chem. Co. v. Dep't of Envtl. Regulation, 406 So.2d 478, 482 (Fla. 2d DCA 1981); see also Envtl. Confederation of Sw. Fla., Inc. v. IMC Phosphates, Inc., 857 So.2d 207, 209 (Fla. 1st DCA 2003) ("[A]n organization must show that it will suffer an injury in fact or that the action of the agency will adversely affect its individual members."). The first aspect of the test deals with the degree of injury; the second deals with the nature of the injury. Agrico, 406 So.2d at 482.
The Department argues that appellants do not have standing and supports this position by citing to several cases where taxpayers challenged the decision of a legislative body to make an expenditure. However, while in taxpayer cases the strict rules for standing have been established to limit unwarranted use of judicial resources in challenges involving discretional decisions of legislative bodies, one of the major legislative purposes of the Administrative Procedure Act was the expansion of public access to the activities of governmental agencies. Fla. Home Builders Ass'n v. Dep't of Labor, 412 So.2d 351, 352-53 (Fla. 1982) (allowing builders' association the opportunity to represent the interests of its injured members in a rule challenge).
In NAACP, Inc. v. Florida Board of Regents, the supreme court was asked to determine whether the NAACP had standing to challenge a rule amendment concerning admissions to the State University System. 863 So.2d 294, 295 (Fla.2003). Specifically, the rule amendments concerned the elimination of certain affirmative action policies by Florida's state universities. Id. This court, in NAACP, Inc. v. Florida Board of Regents, 822 So.2d 1, 14 (Fla. 1st DCA 2002), had previously found the organization did not have standing, but certified the question as one of great public importance.
The supreme court applied the "associational standing" analysis discussed in Florida Home Builders, 412 So.2d at 352, to the facts before them. NAACP, 863 So.2d at 297. They reiterated that the purpose *1054 of the Administrative Procedure Act was to expand rather than restrict public participation in the administrative process. Id. at 298. Accordingly, the supreme court enunciated the following:
To meet the requirements of section 120.56(1), an association must demonstrate that a substantial number of its members, although not necessarily a majority, are "substantially affected" by the challenged rule. Further, the subject matter of the rule must be within the association's general scope of interest and activity, and the relief requested must be of the type appropriate for a trade association to receive on behalf of its members.
Id. (citing Fla. Home Builders, 412 So.2d at 353-54.) Pursuant to this test, the supreme court found that the NAACP had standing to challenge the proposed rules as the proposed rules would drastically change the state university admission standards that applied to African-Americans and other minority students. Id. at 299. The supreme court further stated: "the cost of instituting and maintaining a rule challenge proceeding may be prohibitive" for the NAACP's members, who are often poor and unable to maintain individual rule challenges. Id. (citing Fla. Home Builders, 412 So.2d at 353).
Considering the APA's policy, the supreme court's decision in NAACP, and the factors enunciated in Agrico, it is clear that if anyone has the ability to challenge the Department's interpretation of section 335.065, which specifically relates to bicycle lanes, it would be those seriously involved in bicycling.
Under the first prong of the Agrico test, appellants will suffer an injury of sufficient immediacy entitling them to a 120.57 hearing. Agrico, 406 So.2d at 482. This is clear because they will not have a delineated path on which to ride their bicycles if bicycle lanes are not constructed pursuant to the Department's standards. Under the second prong of the Agrico test, appellants' substantial injury is of the type which the proceeding is designed to protect. Id. As we will discuss below, section 335.065, Florida Statutes, is entitled "Bicycle and pedestrian ways along state roads and transportation facilities." The statute, as analyzed below, sets forth a policy for incorporating bicycle lanes in construction and reconstruction projects, and it further delineates situations where the Department need not establish the bicycle lanes. § 335.065, Fla. Stat. The statute's straightforward purpose is to regulate the placement of bicycle and pedestrian ways. Reason dictates that a bicyclist organization, like appellants, can demonstrate that a substantial number of its members will be affected by the Department's decisions relating to the construction of bicycle paths. See NAACP, 863 So.2d at 298. Additionally, the association's general scope of interest and activity (bicycling), and the relief requested (the establishment of bicycle lanes in the State Road A1A reconstruction project), is of the type appropriate for appellants to receive on behalf of its members. Id. Furthermore, the cost for individuals to challenge the establishment of bicycle lanes may be prohibitive to individual bicyclists. Id. at 299.
Thus, a challenge to the Department's application of the statute by a bicyclist organization located in Palm Beach County meets the standing requirement delineated in Agrico. See also Gregory v. Indian River County, 610 So.2d 547 (Fla. 1st DCA 1992) (finding homeowners had a substantial interest in administrative proceeding before the Department of Environmental Regulation where the county sought a permit to construct a stormwater treatment system and engage in dredge and fill activities and homeowners faced *1055 potential injury if their land was declared to be wetlands or needed for mitigation; also explaining the purpose of Agrico).
In this case, appellants' substantial interests will be affected by the Department's proposed action. Thus, we agree with appellants and find they had standing to challenge the Department's actions.

Interpretation of Section 335.065, Florida Statutes
While the parties argue over the interpretation of section 335.065, Florida Statutes, we find the statute is unambiguous. It provides, in relevant part:
335.065. Bicycle and pedestrian ways along state roads and transportation facilities
(1)(a) Bicycle and pedestrian ways shall be given full consideration in the planning and development of transportation facilities, including the incorporation of such ways into state, regional, and local transportation plans and programs. Bicycle and pedestrian ways shall be established in conjunction with the construction, reconstruction, or other change of any state transportation facility, and special emphasis shall be given to projects in or within 1 mile of an urban area.
(b) Notwithstanding the provisions of paragraph (a), bicycle and pedestrian ways are not required to be established:
1. Where their establishment would be contrary to public safety;
2. When the cost would be excessively disproportionate to the need or probable use;
3. Where other available means or factors indicate an absence of need.
We interpret this statute to mean that the Department is obligated to consider bicycle and pedestrian ways in the planning process and to establish bicycle and pedestrian ways in conjunction with the construction, reconstruction, or other change of any state transportation facilities. § 335.065(1)(a), Fla. Stat. Bicycle paths shall be established unless the Department exercises its discretion not to establish bicycle and pedestrian ways where any of the conditions in section 335.065(1)(b) are demonstrated.[*] Accordingly, we agree with appellants' interpretation of the statute and find that the Department's discretion is limited.
However, the hearing officer found, and the final order so adopted, that the cost would be excessively disproportionate to the need or probable use of the bicycle and pedestrian ways. Thus, although we agree with appellants' interpretation of the statute, the finding that the cost of incorporating bicycle paths throughout the State Road A1A project would be excessively disproportionate to their need or probable use compels this court to affirm the Department's decision.

Waiver of Formal Hearing
If an agency's action will determine the substantial interests of a party and there are disputed issues of material fact, a party is entitled to a formal proceeding under section 120.57(1), Florida Statutes. § 120.569(1), Fla. Stat. Unless waived by all parties, an informal hearing is appropriate whenever the substantial interests of a party are determined, but no material facts are in dispute. Id.; see also Weiss v. Dep't of Bus. & Prof'l Regulation, 677 So.2d 98, 99 (Fla. 5th DCA 1996) ("When material facts are not in dispute, *1056 an agency is not required to grant a formal proceeding, even though requested by the party, and is free to insist that the matter be handled by informal proceeding."). Accordingly, because there were no disputed issues of material fact alleged in appellants' petition, the Department acted properly in granting appellants an informal hearing.
However, during the informal hearing, it became apparent that there were disputed issues of material fact. We agree with appellants that, whether or not the cost of incorporating bicycle paths in the State Road A1A project was excessively disproportionate to its need or probable use, is a question of fact. While appellants asserted that such cost was not excessive, the Department introduced, throughout the informal hearing, evidence that the cost would be excessive. Thus, the parties were on notice during the informal hearing that there were disputed issues of material fact in this case which necessitated a formal hearing. Neither the Department nor appellants apprised the hearing officer of this issue.
It is well established that a claim of error, even in the administrative context, cannot be raised for the first time on appeal. See Goodson v. Fla. Dep't of Bus. & Prof'l Regulation, Div. of Real Estate, 978 So.2d 195 (Fla. 1st DCA 2008) (citing Twins D & D, Inc. v. Dep't of Bus. & Prof'l Regulation, 722 So.2d 234 (Fla. 2d DCA 1998); Shady Oaks Mobile Modular Estates, Inc. v. Fla. Pub. Serv. Comm'n, 654 So.2d 678 (Fla. 1st DCA 1995)). In Goodson, this court interpreted section 455.225(5), Florida Statutes, which requires that "[i]f any party raises an issue of disputed fact during an informal hearing, the hearing shall be terminated and a formal hearing pursuant to chapter 120 shall be held." Id. This court acknowledged the mandatory language of the provision, but held that even this mandatory provision was subject to the rule of preservation. Id. Likewise, in this case, because appellants failed to preserve this issue for appellate review, this court is constrained to affirm the order on appeal.
We acknowledge that our decision today may be viewed to be in conflict with Campbell v. Department of Business and Professional Regulation, Division of Real Estate, 868 So.2d 1265 (Fla. 4th DCA 2004), and Meller v. Florida Real Estate Commission, 902 So.2d 325 (Fla. 5th DCA 2005). Those cases, however, do not specifically address whether the parties asked for a formal hearing once disputed issues of material fact became known. To the extent they may be read to mean that a party may raise the issue of failure to grant a formal hearing without making such a request before the agency, we reject such interpretation. The decision of the Department is affirmed.
PADOVANO, J., concurs; BENTON, J., concurs with opinion.
BENTON, J., concurring.
"When material facts are not in dispute, an agency is not required to grant a formal proceeding and is free to insist that the matter be handled by informal proceedings." Hobe Assocs., Ltd. v. Dep't of Bus. Regulation, 504 So.2d 1301, 1305 (Fla. 1st DCA 1987). But, when material facts are in dispute, substantially affected parties are entitled to an evidentiary hearing conducted in conformity with sections 120.569 and 120.57(1), Florida Statutes (2007). See J.M. v. Fla. Agency for Persons with Disabilities, 938 So.2d 535, 537 (Fla. 1st DCA 2006); Gopman v. Dep't of Educ., 908 So.2d 1118, 1120-21, 1123 (Fla. 1st DCA 2005). A timely petition for such a hearing secures the right. See Dep't of Transp. v. Lopez-Torres, 526 So.2d 674 (Fla.1988); City of Sarasota v. State, Dep't *1057 of Transp., 783 So.2d 1186 (Fla. 1st DCA 2001).
Even if a dispute of material fact emerges after an informal hearing has begun, the informal hearing should cease and a formal hearing should be convened in its stead, "[n]otwithstanding . . . [a prior] written election for an informal hearing." Mixon v. Dep't of State, Div. of Licensing, 686 So.2d 755, 756 (Fla. 1st DCA 1997). In order to preserve the point for appeal, however, a party must "request that the informal hearing be terminated . . . or otherwise object to the continuation of the [section 120.57(2)] proceedings." Goodson v. Fla. Dep't of Bus. & Prof'l Regulation, Div. of Real Estate, 978 So.2d 195 (Fla. 1st DCA 2008).
NOTES
[*] The Department argues that other statutory sections must be taken into account in whether to construct bicycle and pedestrian ways; in light of our decision, it is unnecessary for us to reach that issue.