WOLF, J.
Appellant, a licensed chiropractor, seeks review of a final administrative order from the Florida Department of Health (DOH), Board of Chiropractic Medicine (the Board), which disciplined appellant for violations of Florida Statutes and the Florida Administrative Code. He raises two issues on appeal. First, he argues the Board erred in failing to provide a formal hearing when disputed issues of material facts arose during an informal hearing. We find this argument was not properly preserved and may not be raised for the first time on appeal. Second, appellant argues the Board erred in depriving him of due process by considering matters during the hearing that were unrelated to those charged in the administrative complaint. We agree and reverse and remand for a new hearing.

1. Facts

DOH filed an administrative complaint to the Board against appellant charging him with (1) failing to keep legible chiropractic medical records in violation of multiple subsections of section 460.413(1), Florida Statutes (2007), and rule 64B2-17.0065, Florida Administrative Code; and (2) failing to provide patient records in violation of sections 460.413(1) and 456.057(6), Florida Statutes (2007), and rule 64B7-17.0055(1), Florida Administrative Code. Both violations related to appellant’s treatment of a patient in 2007.
After receiving the administrative complaint, appellant signed and notarized an “Election of Rights” form - indicating that he did not dispute the factual allegations of the complaint but elected an informal hearing to provide evidence to mitigate the violations. At the informal hearing, the Board adopted the facts of the administrative complaint as undisputed and permitted appellant to make a statement under oath. Initially, appellant addressed the sufficiency of his recordkeeping and fielded several relevant questions from board members. Appellant additionally contested the allegation that he failed to send the patient his medical records when requested. The Board’s questioning then expanded beyond appellant’s recordkeep-ing practices and his failure to send medical records. The Board made inquires into appellant’s staffing decisions, business locations, and his processes for conducting certain procedures, making diagnoses, and writing prescriptions. The board members also expressed concerns regarding appellant’s competency.
In the final order, the Board incorporated the facts from the administrative complaint, which found appellant failed to keep legible patient records and failed to provide patient records upon request. The Board “reprimanded” appellant’s license; imposed a fine of $3,500; placed his license on probation for four years; required a monitor to observe appellant’s performance and review his recordkeeping practices; and required appellant to take and pass a written examination. Additionally, appellant was charged with the cost of the investigation in the amount of $2,253.04. This timely appeal follows.

2. Failure to Terminate Informal Hearing

Appellant argues the Board erred in failing to terminate the informal hearing so that a formal hearing could be conducted when disputed issues of material facts arose. When it becomes apparent *237 during an informal hearing that material facts are in dispute, an administrative board must grant a request for a formal hearing. Mixon v. Dep’t of State, Div. of Licensing, 686 So.2d 755, 756 (Fla. 1st DCA 1997). However, it is not the responsibility of the administrative board to terminate an informal hearing when a disputed issue of material fact becomes apparent if not requested to do so. Goodson v. Fla. Dep’t of Bus. & Prof'l Regulation, Div. of Real Estate, 978 So.2d 195, 196 (Fla. 1st DCA 2008).
Appellant did not request a formal hearing when he believed a disputed issue of material fact arose during the informal hearing. Therefore, appellant’s argument was not properly preserved for review and may not be raised for the first time on appeal.

3. Scope of the Informal Hearing

Next, appellant argues the Board deprived him of due process by considering matters related to his competency that were not alleged in the complaint. DOH responds that all of the Board’s inquiry was related to the allegations raised in the complaint. Alternatively, DOH argues any error that may have occurred was harmless because appellant was not disciplined for any matters other than those contained in the complaint. We agree with appellant and reverse.
Administrative hearing boards may not consider matters not formally charged in the administrative complaint in imposing disciplinary sanctions without violating due process. See Chrysler v. Dep’t of Prof'l Regulation, 627 So.2d 31, 34-35 (Fla. 1st DCA 1993) (holding harmful error occurred when an administrative board discussed an unrelated civil malpractice case held in another state that was not addressed in the administrative complaint). A due process inquiry is not satisfied simply because the final order is limited only to the charges in the administrative complaint, regardless of how far the questions strayed during the hearing. Id. at 34.
Here, count 1 of the administrative complaint charged appellant with failing to keep legible chiropractic medical records, and count 2 charged him with failing to provide medical records upon request. However, the Board did not confine its inquiry to these issues during the hearing. The Board also questioned how appellant supervised his staff and his practices for diagnosing and treating patients. These discussions strayed from the sufficiency of his recordkeeping and into an inquiry regarding appellant’s competency. Further, a portion of the discipline imposed appears directly related to competency rather than the recordkeeping offenses that were charged. It is apparent the Board considered matters not charged in the complaint and therefore erred.
Further, we find this error was harmful. This court applies the harmless error test used in civil cases for violations of due process rights to a fair hearing. Chrysler, 627 So.2d at 34-35. The test for determining whether an error is harmful is “ ‘whether, but for such error, a different result may have been reached.’ ” Hogan v. Gable, 30 So.3d 573, 575 (Fla. 1st DCA 2010) (quoting Nat'l Union Fire Ins. Co. of Pittsburgh v. Blackmon, 754 So.2d 840, 843 (Fla. 1st DCA 2000)).
Here, the board members made comments and raised questions that indicated, had the Board not erroneously considered appellant’s competency, a different result may have been reached. Specifically, during the penalty phase of the informal hearing, a board member suggested that the Board require appellant to take and pass a chiropractic examination because of his concerns regarding appellant’s competency. The Board imposed this examination *238 in the final order. Additionally, the final order required monitoring not only of appellant’s recordkeeping, but also of his patient care. The final order required that the “monitor shall review ... [appellant’s] active patient records for the purpose of ascertaining whether proper care and treatment is provided and proper documentation is maintained.” (Emphasis added).
It is clear from the hearing and the discipline imposed that but for the Board’s error in considering matters related to appellant’s competency, the Board may have reached a different result. Therefore, the error was harmful. The final order is REVERSED, and this cause is remanded for a new hearing. When the Board convenes a new hearing, the Board must either confine itself to the charges in the original administrative complaint or amend the complaint to include additional charges.
REVERSED AND REMANDED.
ROBERTS and RAY, JJ., concur.