PER CURIAM.
Appellant, a licensed chiropractor, seeks review of a final administrative order from the Florida Department of Health (DOH), Board of Chiropractic Medicine (the Board), which disciplined Appellant for violations of Florida Statutes and the Florida Administrative Code. In a separate appeal, Appellant previously sought review of a final administrative order from DOH involving another administrative complaint filed against him and obtained reversal and remand for a new administrative hearing. See Gonzalez v. Dep't of Health, 120 So.3d 234 (Fla. 1st DCA 2013). Here, Appellant has raised the same two issues that were asserted in his previous appeal. First, Appellant asserts that the Board erred in failing to provide a formal hearing when disputed issues of material facts arose during an informal hearing. Second, Appellant argues that the Board deprived him of his due process rights when it considered matters during the hearing that were unrelated to the charges filed in the administrative complaint. We affirm both issues, but remand for the Board to reduce the $50,000 fine imposed to $32,500 based upon DOH’s concession that the $50,000 fine was beyond the statutory maximum.
Regarding the first issue, similar to his previous appeal, Appellant failed to preserve any argument on appeal by failing to request a formal hearing when it became apparent that material facts were in dispute at the informal hearing below. Gonzalez, 120 So.3d at 236-37.
Concerning the second issue, we do not accept DOH’s concession that the Board considered matters not alleged in the complaint and that, as a result, Appellant was denied due process. “A confession of error ... is not binding upon an appellate court, and it is the practice of Florida appellate courts not to accept erroneous concessions by the state.” Perry v. State, 808 So.2d 268, 268 (Fla. 1st DCA 2002) (internal citation omitted). Unlike the administrative complaint filed in Appellant’s previous appeal, Appellant, in addition to being charged with failing to keep legibly written chiropractic medical records, was also charged in the underlying administrative complaint with improperly delegating responsibilities to an unqualified person and exploitation of patients or clients for financial gain. Considering these additional charges, we find that the Board did not consider matters unrelated to the allegations in the complaint at the informal hearing.
We do, however, note that DOH, in addressing the due process issue, has brought to this court’s attention a separate error, and we accept its argument that the $50,000 fine imposed was incorrect as matter of law. On appeal, DOH concedes that Appellant’s due process rights were violated. This was based, in part, on DOH asserting that the $50,000 fine imposed by the Board was outside the maximum aggregate amount for the statutory violations and that nothing in the record supported *451 the increased fíne, implying that the increase was based on the Board considering matters outside the administrative complaint. The record on appeal, however, reveals that the $50,000 fíne was not erroneously imposed by the Board because it considered matters outside the administrative complaint; instead, the Board imposed the fíne after DOH, at the administrative hearing, advised the Board, with no objection raised by Appellant, that it could separately impose the maximum fíne under each of the statutory violations for each of the six patients whose treatment by Appellant formed the basis of the three counts in the administrative complaint. DOH’s counsel below advised the Board that it could impose a fíne of $8,500 to $27,500 for each patient, and requested that the Board only impose a total fíne of $50,000.
Rule 64B2-16.003 of the Florida Administrative Code, however, provides in pertinent part:
(1) When the Board finds that an applicant or licensee whom it regulates pursuant to Chapter 460, F.S., has violated the below-listed provision, it shall issue a final order imposing appropriate penalties, for each count, as set forth in Section 456.072(2), F.S., within ranges recommended in the following disciplinary guidelines.
(Emphasis added.) DOH, at the administrative hearing, incorrectly asserted that the maximum penalties that could be imposed were based upon each patient that formed the basis for the underlying complaint; Rule 64B2-16.003(1), however, clearly provides that the fine is based upon each count, and the underlying complaint did not allege separate counts for each of the six patients. Instead, only three counts were alleged in the underlying complaint. As DOH brought this error to this court’s attention on appeal and conceded that the maximum fine allowed was $32,500, we remand for the imposition of a $32,500 fine.
AFFIRMED, and REMANDED for further proceedings consistent with this opinion.
ROBERTS and CLARK, JJ., and MOSELEY, MARK W., Associate Judge, concur.