*557 MAKAR, J.,
concurring and specially concurring.
Ten years have passed since James Glaze, then a minor, slipped and was injured on a walkway in a common area of the Cordova Mall in Pensacola in March 2005. His mom filed this lawsuit in 2007, and only now, because of the glacial pace of the litigation below, are we reviewing the disposition of his negligence claim against Chick-fil-A, the mall tenant he alleges contributed to his fall (a settlement having been reached with the mall’s owner).
In the past decade, the statutory law on business premises tort cases involving “transitory foreign substances” has changed markedly, presenting the issue of whether circa-2005 statutory standards apply or the current ones adopted in 2010. But Glaze did not raise this issue below or on appeal in his initial brief. In its answer brief, Chick-fil-A acknowledged that dicta in Feris v. Club Country of Fort Walton Beach, Inc., 138 So.3d 531, 535 (Fla. 1st DCA 2014), which had been recently decided, stated that section 768.0755’s displacement of section 768.0710 in 2010 was not meant to be retroactive; still, Chick-fil-A asserted, summary judgment was appropriate under either statute. Glaze’s reply brief simply reasserted the same narrow argument from his initial brief: summary judgment was improper because he had presented proof that Chick-fil-A “had actual or constructive knowledge of the water on the floor of the hallway” where he fell (even though such knowledge isn’t required under section 768.0710).
Ordinarily, Glaze’s failure to preserve below and raise on appeal the issue of which statute applies would bar its consideration as waived. But Chick-fil-A has essentially conceded the issue on appeal by acceding to the dicta in Feris. Under these circumstances, an appellate court need not accept a party’s concession, particularly if it would amount to bad law. See, e.g., Gonzalez v. Dep’t of Health, 124 So.3d 449, 450 (Fla. 1st DCA 2013) (“A confession of error ... is not binding upon an appellate court, and it is the practice of Florida appellate courts not to accept erroneous concessions by the state.”) (citation omitted). But we have chosen to address the matter to eliminate confusion and provide clear guidance on a district-wide basis. Thus, I have no disagreement with the conclusion, consistent with the dicta in Feris, that the stricter standard of section 768.0755 that now applies in these “transitory foreign substance” cases is not retroactive, a holding in which I concur.
Beyond that, two concerns exist that prevent me from joining the remainder of the panel’s opinion. The first is a remedial one, meaning what should we do with this case now that we’ve held that section 768.0710 applies? Three factors support the conclusion that the most prudent remedy is for the trial judge on remand to review the matter anew under the correct version of the statute and all applicable evidence. One factor, of course, is that the trial judge applied the incorrect version of the statute. It was not error at the time for her to do so; after all, she was required to follow the Third District’s then-binding decision in Kenz v. Miami-Dade County, 116 So.3d 461 (Fla. 3d DCA 2013), which ruled that section 768.0755 applied retroactively. See Pardo v. State, 596 So.2d 665, 666 (Fla.1992) (“[I]n the absence of interdistrict conflict, district court decisions bind all Florida trial courts.”). The second is that the trial court failed to consider Glaze’s affidavit, which was stricken as untimely. The panel tacitly holds that the affidavit should have been considered, which was not done by the trial judge. The third — and perhaps most important factor — is that both parties pre *558 sented their respective positions to the trial court as if the incorrect statute applied; they fashioned their motions and evidentiary presentations in accord with a mistaken understanding of the applicable law. Allowing the trial judge and the parties to reconnoiter and apply the correct law to all relevant evidence, including the affidavit and whatever relevant evidence may exist, allows for all involved to make their case and decisions — for the first time — under the proper legal standards and a full evidentiary record. Our Court would be in an equal position to the trial judge if the parties had been operating under the correct law with all of the evidence, and presented their cases accordingly, but that did not happen. A redo under these circumstances better serves all interests.
The second concern is that the panel’s discussion of the record evidence related to the puddle of water, which consisted of only the Glaze family’s depositions and the affidavit, should not be misconstrued to suggest that Glaze has shown negligence or established an inference of negligence at this point in the litigation. Mr. Glaze’s singular claim of negligence is governed by the burden of proof in section 768.0710, which requires evidence that Chick-fil-A “acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises.”[3] (Emphasis added). At most, Glaze has presented evidence that there was a puddle of water in the mall’s common area walkway that may have originated from Chick-fil-A’s restaurant. Even if we assume it did, Glaze has yet to produce any evidence that Chick-fil-A “acted negligently by failing to exercise reasonable care.” § 768.0710(2)(a). The mere presence of a transitory foreign substance is insufficient to establish liability.
On this point, despite ten years of litigation that included much opportunity for discovery, no record evidence of negligence is yet apparent. Plaintiffs’ counsel appears to have taken no depositions other than of Mr. Glaze, his sister, and his mother. No testimony or other evidence about the conduct of Chick-fil-A employees at this location or its business operations appear in the record; likewise, the record is virtually silent as to the mail’s employees and its operations. The apparent lack of evidence that Chick-fil-A was aware (or should have been aware) of the puddle on the mall’s walkway — which would otherwise be the death knell of a claim under section 768.0755[4] — nonetheless is poten *559 tially probative under section 768.0710, which states that “evidence of notice or lack of notice offered by any party may be considered together with all of the evidence” in deciding the negligence question. (Emphasis added). Although actual or constructive notice is not a “required element” of a plaintiffs case under section 768.0710, it remains a basis for demonstrating — or refuting — potential negligence.
Finally, section 768.0710 creates no inference of negligence based on the mere presence of a transitory foreign substance on a business premises. The panel’s opinion uses language that suggests an inference of “active negligence” exists, akin to a res ipsa loquitur theory that neither party has advanced. But the water on the mall’s common area walkway could not possibly have been in Chick-fíl-A’s exclusive control at the time of Glaze’s injury, which a res ipsa loquitur instruction would require. Fla. St. J. Instr. (Civ.), § 401.7. The mall had at least some significant control over its own property. And while slips and pratfalls on wet surfaces often result from negligence, no record evidence establishes that the incident at issue is one that ordinarily “would not have happened without negligence.” Id. Section 768.0710 does not impute negligence, or even actual or constructive notice, simply because of a watery surface. See Delgado v. Laundromax, Inc., 65 So.3d 1087, 1090 (Fla. 3d DCA 2011) (“Because the mere presence of water on the floor is not enough .to establish constructive notice, the record must contain additional facts in support of liability, to create a permissible inference upon which Delgado could rely in defense against Laundromax’s motion for summary judgment.”). To the extent the- panel views this case, as currently postured, as establishing an inference of negligence, such an inference is insupportable.
In conclusion, our resolution of this case is retrograde in nature; its non-retroactivity holding applies to a limited class of cases and the remainder applies only to this case. I would remand for the trial court and the parties to proceed under the correct law and all applicable evidence.

. Though no party discusses the issue, the statute as written appears to apply to injuries from transitory foreign substances that occur on a defendant’s "business premises.” See, e.g., §§ 768.0710(1) ("The person or entity in possession or control of business premises owes a duty ... for the safety of business invitees on the premises_” (emphasis added)), and 768.0710(2) (“In any civil action involving loss, injury, or damage to a business invitee as a result of a transitory foreign object or substance on business premises ...." (emphasis added)). But here the fall occurred on the mall’s premises, not Chick-fil-A's.

. As the Fourth District has noted:
Under the 2002 statute, a plaintiff could succeed in a slip and fall case by showing "the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises,” without showing the business had actual or constructive knowledge of the transitory foreign substance. Under the 2010 statute, however, the same plaintiff would be unable to successfully assert such a cause of action, no matter how persuasive or compelling the evidence the plaintiff had in support of the claim.
Pembroke Lakes Mall Ltd. v. McGruder, 137 So.3d 418, 426 (Fla. 4th DCA 2014), reh’g denied (Apr. 11, 2014) ("Slip and fall plaintiffs who could successfully assert a cause of ac *559 tion under the 2002 statute even without the owner having knowledge of the spill would be completely unable to pursue their causes of action if the 2010 statute was applied retroactively.”).