IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

THADAEUS NOEL GARRISON,

      Appellant,

 v.                                Case No.  5D16-3293

DEPARTMENT OF HEALTH,
BOARD OF NURSING,

      Appellee.

_____/

Opinion filed June 23, 2017

Administrative Appeal from
the Department of Health,
Board of Nursing

Jonathan Edward Rose, of Jonathan Rose,
P.A., Orlando, for Appellant.

Sarah Young Hodges, Chief Appellate
Counsel, Florida Department of Health
Prosecution Services Unit, Tallahassee, for
Appellee.

COHEN, C.J.

Thadaeus Garrison appeals from an order imposing a two-year suspension of his nursing license, a fine, and a reprimand following an informal hearing pursuant to section 120.57(2), Florida Statutes (2015). We affirm.

Garrison is a registered nurse. In 2015, he pleaded nolo contendere to aggravated battery with a deadly weapon and misdemeanor battery; the underlying allegations

related to his involvement in a road rage incident involving a minor. Garrison was sentenced to probation for those offenses.

Garrison self-reported his plea to the Department of Health ("Department"), Board of Nursing ("Board"). The Department filed a two-count administrative complaint pursuant to sections 464.018(1)(d)(5) and 456.072(1)(c), Florida Statutes (2015). The complaint listed the statutory violations for the underlying convictions[1] and alleged that the charges arose "from a road rage incident involving a minor."

The case was set for an informal hearing at which Garrison appeared pro se. Garrison had filed an election of rights form and did not dispute the material facts set forth in the complaint. See § 120.57(2), Fla. Stat. (2015). At the outset of the hearing, the Department presented an investigative report to the Board and entered it into evidence without objection. The report included a copy of Garrison's arrest affidavit for the 2015 incidents. During the hearing, the Board considered the arrest affidavit as well as Garrison's version of the events. A member of the Board expressed concern that Garrison's version was inconsistent with the arrest report. The Board thereafter imposed the two-year suspension, which reflected an increase over the recommended penalty.[2]

---

[1] §§ 784.045(1)(a)2., 784.03, Fla. Stat. (2015).

[2] The initial recommendation was for the payment of costs and a "V2." V2 discipline consists of a license suspension until the individual provides the Department with an Intervention Project for Nurses ("IPN") evaluation demonstrating the individual's fitness to resume practicing as a nurse. We note that in hearings involving disputed issues of fact under section 120.57(1), Florida Statutes, the Board cannot deviate from the recommended penalty "without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action." However, section 120.57(2) pertaining to hearings not involving disputed issues of material fact contains no such provision, implying that this does not apply to hearings involving no disputed issues of material fact. See § 120.57(2), Fla. Stat.; see also Vicaria v. Dep't of Health, 715 So. 2d 285, 287 (Fla. 3d DCA 1998).

The Board's final order adopted the findings of fact set forth in the administrative complaint.

Garrison argues that the Board fundamentally erred in considering the arrest affidavit. Generally, an administrative board may not consider matters not contained in the complaint. See, e.g., Gonzalez v. Dep't of Health, 120 So. 3d 234, 237 (Fla. 1st DCA 2013). In this case, the complaint set forth the statutory violations on which Garrison's penalty was based and indicated that the charges stemmed from a road rage incident. The arrest affidavit, which expanded on those charges, was entered into evidence without objection. Therefore, we find no error in the Board's consideration of the arrest affidavit given that it came into evidence without objection and dealt with a matter contained in the complaint.

Garrison also argues that the Board erred in failing to reconvene for a formal hearing once it became apparent that there were disputed issues of material fact regarding the nature of the incident leading to the charges set forth in the administrative complaint. However, Garrison did not request a formal hearing, either initially or when he thought an issue of material fact arose at the informal hearing; thus, this issue was not preserved for appeal. See Stueber v. Gallagher, 812 So. 2d 454, 457 (Fla. 5th DCA 2002) ("[W]hen a party at an informal hearing does not request that the informal hearing be terminated in lieu of a formal hearing, the party waives the right to receive a formal hearing."); cf. Gonzalez, 120 So. 3d at 237 (finding that appellant's failure to request formal hearing once it became apparent that disputed issues of material fact existed precluded appellate argument that the board was required to terminate and reconvene for such hearing).

For these reasons, we affirm.

AFFIRMED.

WALLIS and LAMBERT, JJ., concur.