570 So.2d 1319 (1990)
Marie ZICCARDI, Appellant,
v.
Elizabeth STROTHER, Francise Strother, and Elizabeth Keeley, Appellees.
No. 89-01538.
District Court of Appeal of Florida, Second District.
May 18, 1990.
Rehearing Denied June 13, 1990.
*1320 John D. Hooker and Joseph M. Williams of Hooker & Townsend, Tampa, for appellant.
Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, for appellees.
THREADGILL, Judge.
The appellant, Marie Ziccardi, challenges the dismissal of her second amended complaint for civil damages based on alleged violations of section 772.104,[1] the Civil Remedies for Criminal Practices Act. The basis of the complaint, filed in 1987 under section 772.104 Florida Statutes, was alleged criminal acts perpetrated against her by the appellees in 1979. She contends that the trial court erred in finding her claims subject to dismissal on grounds that chapter 772 did not become effective until 1986. We reverse in part and affirm in part.
The issue presented to us is whether section 772.104, Florida Statutes, effective October 1, 1986, may be applied retroactively to allow a civil cause of action based on incidents which happened in 1979. The appellant argues that this statute was procedural in nature, designed to correct problems in section 895.05(7), Florida Statute (1985), and that while statutes are generally to be applied prospectively, remedial, or procedural, statutes are applied retroactively. The appellees contend that because section 772.104 requires proof of injury only by "clear and convincing evidence" rather than by the standard civil burden of proof, preponderance of the evidence, the legislature created a new substantive crime, barring retroactive application of the statute.
It is well established that "[r]emedial statutes or [those] which do not *1321 create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not come within ... the general rule against retrospective operation of statutes." City of Lakeland v. Catinella, 129 So.2d 133, 136 (Fla. 1961). We look first to the legislative history of section 772.104 to determine whether it is remedial in nature, and thus subject to retroactive application. In the preamble to chapter 86-277, which created chapter 772, the legislature described the bill as, inter alia, "amending s. 895.05 F.S.; limiting a civil remedy to the state;" and as "providing a civil action to victims of certain criminal activities. Section 895.05(7), Florida Statutes (1985), had provided private victims a civil remedy for the identical conduct as did the newly created section 772.104. Furthermore, a legislative staff analysis of the 1986 bill, which was made part of the record below, indicated that the civil cause of action was being moved to correct problems that were resulting from its inclusion in the criminal statutes.
Under these circumstances, we do not agree with the appellees that modification of the burden of proof in this statute amounted to a substantive change in the law. In Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239 (Fla. 1977), the supreme court found that the burden of proof is a procedural matter and held that although a "statute modified plaintiff's burden of proof requirement, ... it did not abrogate a substantive statutory right." Id. at 243. Although section 772.104 does not provide for punitive damages as did section 895.05(7)[2] in the RICO act, the appellant did not file her complaint until section 895.05(7) had been repealed and no accrued rights had vested in the remedies previously provided. See generally Winter Haven v. Allen, 541 So.2d 128, 131-135 (Fla. 2d DCA 1989). Cf. Clausell v. Hobart Corp., 515 So.2d 1275 (Fla. 1987); Rupp v. Bryant, 417 So.2d 658 (Fla. 1982).
Because we find that section 772.104 was a remedial reenactment, designed to correct problems resulting from the inclusion of its RICO predecessor provision, section 895.05(7), Florida Statutes (1977), in the criminal statutes, it may be applied retroactively. See McKibben v. Mallory, 293 So.2d 48, 53 (Fla. 1974) ("where a statute has been repealed and substantially reenacted by a statute which contains additions to or changes in the original statute, the reenacted provisions are deemed to have been in operation continuously from the original enactment whereas the additions or changes are treated as amendments effective from the time the new statute goes into effect."); Miller v. Wallace International Trucks, Inc., 532 So.2d 1276, fn. at 1277 (Fla. 2d DCA 1988) (chapter 772 damages applicable to preexisting cause of action). See also Senfeld v. Bank of Nova Scotia Trust Co., 450 So.2d 1157 (Fla. 2d DCA 1984) (finding retroactive application of statute proper where statute incorporated previously criminal conduct).
Retroactive application of the statute does not save the action against Elizabeth Keeley and Francise Strother. Under section 772.17[3] the plaintiff has five years to file suit. The acts alleged involving these appellees occurred in 1979, and the *1322 suit filed against them in 1987 is therefore barred by the five year limitation.
However, the state filed criminal charges against Elizabeth Strother in 1979 based on the same acts as were alleged in the civil complaint. The five year statute of limitations was therefore tolled during the prosecution and for two years thereafter, just as it would have been under the RICO predecessor provision. See § 772.17, Fla. Stat. (1987); § 895.05(10), Fla. Stat. (1981). The criminal prosecution was not terminated until 1988, and consequently there was no statutory bar in 1987 to the suit against Elizabeth Strother.
The order of dismissal is affirmed as to the appellees Francise Strother and Elizabeth Keeley. It is reversed as to Elizabeth Strother.
Affirmed in part; reversed in part.
LEHAN, A.C.J., and PARKER, J., concur.
NOTES
[1] "Civil cause of action.  Any person who proves by clear and convincing evidence that he has been injured by reason of any violation of the provisions of s. 772.103 shall have a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts. In no event shall punitive damages be awarded under this section. The defendant shall be entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim which was without substantial fact or legal support. In awarding attorney's fees and costs under this section, the court shall not consider the ability of the opposing party to pay such fees and costs. Nothing under this section shall be interpreted as limiting any right to recover attorney's fees or costs provided under other provisions of law."
[2] "Any person who is injured by reason of any violation of the provisions of s. 895.03 shall have a cause of action for threefold the actual damages sustained and, when appropriate, punitive damages. Such person shall also recover attorneys' fees in the trial and appellate courts and costs of investigation and litigation, reasonably incurred."
[3] "Limitation of actions.  Notwithstanding any other provision of law, a civil action or proceeding under this chapter may be commenced at any time within 5 years after the conduct in violation of a provision of this act terminates or the cause of action accrues. If a criminal prosecution or civil action or other proceeding is brought or intervened in by the state or by the United States to punish, prevent, or restrain any criminal activity or criminal conduct which forms the basis for a civil action under this chapter, the running of the period of limitations prescribed by this section shall be suspended during the pendency of such prosecution, action, or proceeding and for 2 years following its termination."