LAGOA, J.
Carrie Kenz (“Kenz”) appeals from a final summary judgment entered in favor of Miami-Dade County and Unicco Service Company (collectively “Appellees”). She alleges that the trial court erred in applying section 768.0755, Florida Statutes (2010), rather than section 768.0710, Florida Statutes (2002), to her slip-and-fall action. For the reasons expressed below, we affirm.
I. FACTUAL AND PROCEDURAL HISTORY
On May 13, 2008, Kenz slipped on liquid and fell at Miami International Airport. In July 2009, she filed suit against Appel-lees, alleging permanent injuries as a result of the fall. Section 768.0710, Florida Statutes (2002), was in effect at the time of Kenz’s slip and fall.[1] That statute provid *463 ed, in part, that in a negligence action involving a transitory foreign substance in a business establishment, “[a]ctual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim.” § 768.0710(2)(b), Fla. Stat. (2002).
On July 1, 2010, after Kenz filed suit but before trial commenced, section 768.0755, Florida Statutes (2010),[2] took effect and superseded section 768.0710.[3] For the purposes of this discussion, section 768.0755 effectively returned Florida law to its pre-Owens status, and provides that a person who slips and falls on a transitory foreign substance in a business establishment “must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it.” § 768.0755(1), Fla. Stat. (2010).
On June 7, 2011, Appellees filed a motion seeking a determination that section 768.0755 was applicable to Kenz’s case, arguing that the statute should apply retroactively because it is procedural in nature, rather than substantive. On October 28, 2011, the trial court granted the motion and ruled that section 768.0755 was to be given retroactive effect. On December 22, 2011, Appellees filed a motion for final summary judgment, which asserted that Kenz failed to prove Appellees had actual or constructive knowledge of the dangerous condition, as required by section 768.0755. Following a hearing, the trial court granted the motion for summary judgment, and on February 6, 2012, it entered a final summary judgment. This appeal followed.
II. STANDARD OF REVIEW
The standard of review for a summary judgment is de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000).
III. ANALYSIS
As the Florida Supreme Court explained in Smiley v. State, 966 So.2d 330, 334 (Fla.2007), the analysis of whether a change in the statutory law should receive retroactive application requires a determination whether the statute sought to be applied retroactively is substantive in nature, or procedural/remedial in nature. The distinction is important because “a substantive statute will not operate retrospectively absent clear legislative intent to the contrary.” Fla. Ins. Guar. Ass’n v. Devon Neighborhood Ass’n, 67 So.3d 187, 194 (Fla.2011) (quoting State Farm Mut. Auto. Ins. v. Laforet, 658 So.2d 55, 61 *464 (Fla.1995)); Weingrad v. Miles, 29 So.Sd 406, 410 (Fla. 3d DCA 2010), review denied, 75 So.3d 1245 (Fla.2011). In contrast, a proceduraVremedial statute “should be applied to pending cases in order to fully effectuate the legislation’s intended purpose.” Smiley, 966 So.2d at 334 (quoting Arrow Air, Inc. v. Walsh, 645 So.2d 422, 424 (Fla.1994)); accord Yates v. Wal-Mart Stores, Inc., No. 5:10-cv-226/RS-GRJ, 2010 WL 4318795 (N.D.Fla. Oct. 27, 2010); Ziccardi v. Strother, 570 So.2d 1319, 1320-21 (Fla. 2d DCA 1990).
In determining whether a statute is procedural or substantive, this Court has stated that “[substantive law prescribes duties and rights, whereas procedural law concerns the means and methods to enforce those duties and rights.” Weingrad, 29 So.3d at 409 (citing Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352 (Fla.1994)). Whether section 768.0755 applies to Kenz’s case, therefore, turns on whether the statute is substantive or procedural in nature.
Appellees argue that section 768.0755 is procedural in nature because it merely codifies a change to the plaintiffs burden of proof in a slip-and-fall case. Kenz, on the other hand, contends that the statute is substantive in nature, because it creates a new element the plaintiff must prove in a slip-and-fall case, namely, actual or constructive knowledge of the dangerous condition.
We begin our analysis by reviewing the requisite elements necessary to plead and prove a negligence cause of action. The three elements a plaintiff must plead and prove in a cause of action sounding in negligence are: (1) the existence of a duty recognized by law requiring the defendant to conform to a certain standard of conduct for the protection of others including the plaintiff; (2) a failure on the part of the defendant to perform that duty; and (3) an injury or damage to the plaintiff proximately caused by such failure. Tieder v. Little, 502 So.2d 923, 925 (Fla. 3d DCA 1987). Specifically, a business owner owes two duties to a business invitee: (1) to take ordinary and reasonable care to keep its premises reasonably safe for invitees; and (2) to warn of perils that were known or should have been known to the owner and of which the invitee could not discover. Delgado v. Laundromax, Inc., 65 So.3d 1087, 1089 (Fla. 3d DCA 2011).
By requiring that the plaintiff prove “that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it,” section 768.0755(1) does not create any new element of a cause of action for negligence. Rather, by requiring that the plaintiff prove actual or constructive knowledge, the statute codifies a means and method by which a plaintiff shows that the defendant-business establishment has breached its duty of care. Cf. Delgado, 65 So.3d at 1089 n. 1 (stating in dicta that section 768.0755 defines “how a breach of duty is proven by requiring proof of actual or constructive knowledge”). In other words, the statute simply means that in establishing the element of breach of duty, the plaintiff has the burden of producing evidence of actual or constructive knowledge.
Indeed, under Florida case law, issues relating to a party’s burden of proof are generally procedural matters. In Shaps v. Provident Life & Accident Insurance Co., 826 So.2d 250, 254 (Fla.2002), the Florida Supreme Court addressed whether the burden of proof is procedural or substantive in the context of eonflict-of-laws. In concluding that the burden of proof is procedural, the Court stated:
Although no Florida case has squarely addressed this issue, generally in Florida the burden of proof is a procedural *465 issue. See Walker & LaBerge, Inc. v. Halligan, 344 So.2d 239, 243 (Fla.1977) (“Burden of proof requirements are procedural in nature.”); Ziccardi v. Strother, 570 So.2d 1319, 1321 (Fla. 2d DCA 1990) (modification of the burden of proof in a statute did not amount to substantive change in the law). This Court has explained, “[S]ubstantive law prescribes duties and rights and procedural law concerns the means and methods to apply and enforce those duties and rights.” Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1358 (Fla.1994); see Benyard v. Wainwright, 322 So.2d 473, 475 (Fla.1975). The burden of proof clearly concerns the means and methods to apply and enforce duties and rights under a contract and we find no reason to depart from this general rule for conflict-of-laws purposes.
See also Litvin v. St. Lucie Cnty. Sheriff’s Dep’t, 599 So.2d 1353, 1355 (Fla. 1st DCA 1992) (concluding that statutory amendment that affected an evidentiary vehicle to support a claim was “in the nature of a procedural burden of proof enactment”); Stuart L. Stein, P.A. v. Miller Indus., Inc., 564 So.2d 539, 540 (Fla. 4th DCA 1990) (holding that “increasing the burden of proof to a ‘clear and convincing’ standard did not amount to a substantive change in the statutory scheme” and therefore, may be applied retroactively); City of Clermont v. Rumph, 450 So.2d 573 (Fla. 1st DCA 1984)(finding that statutory amendment which established what a claimant must show in order to obtain wage loss benefits was a procedural burden of proof enactment).
Finally, we note that, contrary to Kenz’s contention, this case is not controlled by American Optical Corp. v. Spiewak, 73 So.3d 120 (Fla.2011). In American Optical, the appellees filed actions for damages based on various degrees of asbestosis. Their actions were filed before the Legislature enacted the Florida Asbestos and Silica Compensation Fairness Act (the “Act”). Prior to the Act, “changes in the lung evidencing asbestos-related disease were sufficient to trigger a cause of action” and the common law did not require a particular “manifestation” of the asbestos injury. Id. at 127. Under the Act, however, in order to state a prima facie case, a plaintiff was required to plead and prove particular physical impairment symptoms, as set forth in the Act. See id. at 125,127. The appellees’ claims were subsequently dismissed for failing to meet the requirements of the Act. Id. at 123.
The Florida Supreme Court concluded that the Act could not be applied retroactively. In reaching this conclusion, the court stated that “it is clear that the main purpose of the Act is to alter the common law elements for an action arising from asbestos-related disease” and that “the Act is intended to reverse years of common law precedent ... holding that a diagnosis of asbestos-related disease and injury, without regard to any particular threshold level of impairment suffered, constitutes an accrued cause of action that provides citizens vested rights to file actions based on the injuries.” Id. at 130. In other words, by requiring a plaintiff to satisfy “a precise technical level or particular threshold of injury or impairment symptom” in order to file an action, id. at 127, the Act altered the common law element of harm. Therefore, “[wjhile claimants ... previously had an accrued cause of action, which is a form of constitutionally protected property, subsequent to the Act, their causes of action simply no longer exist.” Id. at 131 (emphasis added). Because “[rjetroactive application of the Act here would operate to completely abolish the [ajppellees’ vested rights in accrued causes of action for asbestos-related injury,” the Act could not be constitutionally applied retroactively to the appellees. Id. at 133.
*466 In contrast, section 768.0755 does not operate to alter a prima facie case for a negligence claim. Here, a plaintiff who has an accrued cause of action under section 768.0710 because of an injury due to a transitory foreign substance or object in a business establishment, continues to have the same cause of action under 768.0755— unlike the claims discussed in American Optical, the cause of action continues to exist. Actual or constructive knowledge is not a “new” required element of a prima facie case under section 768.0755; rather, it concerns evidence, the burden of producing which is upon the plaintiff, that the jury must consider in determining whether there has been a breach of duty.
Accordingly, because we conclude that section 768.0755 is procedural in nature, and applies retroactively to Kenz’s claim, we affirm the entry of summary judgment in favor of Appellees.
Moreover, even if we were to accept Kenz’s suggestion, that section 768.0710 were applicable to this case, the Appellees would nevertheless be entitled to summary judgment, as the record here is devoid of any evidence suggesting that the Appellees had any notice — either actual or constructive — of the water on the floor. See Delgado, 65 So.3d at 1090 (affirming entry of summary judgment as patron failed to establish negligence claim). As such, in the alternative, we find that because Kenz failed to demonstrate that the Appellees negligently failed to exercise reasonable care in the maintenance of the premises, the entry of final summary judgment was proper and we affirm.
For the reasons set forth, we affirm the trial court’s entry of final summary judgment in favor of the Appellees.
AFFIRMED.
SHEPHERD, J., concurs.

. The Florida Legislature enacted section 768.0710 in response to the Florida Supreme Court’s decision in Owens v. Publix Supermarkets, Inc., 802 So.2d 315 (Fla.2001). In Owens, the court changed the law in premises liability cases involving transitory foreign substances by shifting the burden to the premises owner or operator to establish by the greater weight of evidence that it exercised reasonable care in the maintenance of the premises, “eliminating the specific requirement that the customer establish that the store had constructive knowledge” of the existence of the transitory foreign substance. Id. at 331. In doing so, the court specifically noted that the presumption was one "affecting the burden of proof.” Id. at 331 n. 10. In enacting section 768.0710, the Florida Legislature returned to the claimant the burden of proving that the premises owner or operator negligently failed to exercise reasonable care, but codified that part of Owens that a claimant was not required to prove actual or constructive notice of the transitory foreign substance. Section 768.0710 stated as follows:
768.0710. Burden of proof in claims of negligence involving transitory foreign objects or substances against persons or entities in possession or control of business premises
(1) The person or entity in possession or control of business premises owes a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises, which includes reasonable efforts to keep the premises free from transitory foreign objects or substances that might foreseeably give rise to loss, injury, or damage.
(2) In any civil action for negligence involving loss, injury, or damage to a business invitee as a result of a transitory foreign object or substance on business premises, the claimant shall have the burden of proving that:
(a) The person or entity in possession or control of the business premises owed a duty to the claimant;
(b) The person or entity in possession or control of the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises. Actual or constructive notice of the transitory foreign object or substance is not a required element of proof to *463 this claim. However, evidence of notice or lack of notice offered by any party may be considered together with all of the evidence; and
(c) The failure to exercise reasonable care was a legal cause of the loss, injury, or damage.

. Section 768.0755 reads as follows:
768.0755. Premises liability for transitory foreign substances in a business establishment
(1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that;
(a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
(b) The condition occurred with regularity and was therefore foreseeable.
(2) This section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises.

. Section 768.0710 was repealed by chapter 2010-08, section 2, Laws of Florida.