IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DEBORAH GLAZE, AS
PARENT AND NATURAL
GUARDIAN OF JAMES
GLAZE, A MINOR CHILD,

Appellant,

v.

KATHY WORLEY, DBA
CHICK-FIL-A OF CORDOVA
MALL, AND SIMON
PROPERTY GROUP, LP., DB,

Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-5257

Opinion filed March 3, 2015.

An appeal from the Circuit Court for Escambia County.
Linda L. Nobles, Judge.

Frederick J. Gant, Pensacola, for Appellant.

Stephanie D. Alexander of Vernis & Bowling of Northwest Florida, P.A.,
Pensacola, for Appellees.

WOLF, J.

Appellant challenges the entry of a final summary judgment in her

negligence action against appellee, Kathy Worley, DBA Chick-fil-A of Cordova

Mall (Chick-fil-A). Among other things, appellant asserts that the trial court erred

in granting summary judgment and finding that she failed to meet her burden of demonstrating a disputed issue of material fact concerning Chick-fil-A's having actual or constructive knowledge of the presence of a foreign transitory substance adjacent to its establishment. We determine that (1) section 768.0710, Florida Statutes (2004), is the applicable law in this case because section 768.0755, Florida Statutes (2010), cannot be applied retroactively to accidents occurring prior to July 1, 2010; and (2) the trial court erred in granting summary judgment because the affidavit filed in opposition to the motion for summary judgment and the depositions in the court file give rise to a reasonable inference that the source of the water came from an area exclusively within the control of employees of Chick-fil-A, and therefore resulted from active negligence on the part of Chick-fil-A. We, therefore, reverse.

## Factual and Procedural History

In the complaint, appellant asserted that on March 26, 2005, while walking to the restroom through a common area adjoining Chick-fil-A's restaurant, her minor son James slipped and fell on a foreign substance (water) on the floor. His sister, Raven, was present at the time of the fall. Appellant asserted that Chick-fil-A negligently maintained the floor by allowing the foreign substance to remain on the floor presenting a hazardous condition, and that Chick-fil-A had a duty to maintain its restaurant and common area in a safe condition. Appellant asserted

2

that Chick-fil-A knew or should have known of the hazardous condition, because the foreign substance's presence was foreseeable, and the condition existed for a sufficient length of time. Appellant also asserted that the mall owner, Simon Property Group, was negligent in allowing the hazardous condition.[1]

In its answer and affirmative defenses, Chick-fil-A denied a duty to maintain the common area and any negligence.

There are three depositions in the court file pertinent to the motion for summary judgment: the depositions of the appellant and James and Raven, her children. James and Raven both described the incident. They walked to the restroom down the hall because Raven was sick. Neither noticed any water on the floor when they walked past the Chick-fil-A service door. After ten to fifteen minutes, they began to walk back. James was in front of Raven, looking behind him to talk to her. Raven saw a man in a wheelchair approach and told James to step out of the way. He stepped to the left, and his feet went out beneath him. He ended up falling hard on his hip and striking his head in the Chick-fil-A door jamb. Neither saw the puddle before James fell. They described the puddle as being about the size of six pieces of paper laid out two by three.

Raven described the water as "coming out of the doorway into the hallway and it was coming out of the door." James described it as "[t]he door, the water

---

[1] Simon Property Group settled out of the case prior to the trial court's hearing on the motion for summary judgment.

3

was coming out the door.... [Q. So it was just flowing out underneath?] That's how it looked. I don't know if it was still flowing, but it was just a puddle of water right there." What the children describe is a large puddle originating from a private service area, not a few passing drops of water or spilled drink in a public area. Appellant indicated that just by examining it, you could tell it came from under the door. Chick-fil-A did not present any evidence or contrary affidavit to defeat the inference that the water originated from Chick-fil-A's side of the service door, an area not open to the public and under its command and control.

<u>General Law of Summary Judgment</u>

Our standard of review is de novo. "In reviewing an order granting final summary judgment by the trial court, this court applies the de novo standard of review to determine whether there are genuine issues of material fact and whether the trial court properly applied the correct rule of law." <u>Futch v. Wal-Mart Stores, Inc.</u>, 988 So. 2d 687, 690 (Fla. 1st DCA 2008).

"[S]ummary judgment should be entered only when there is no genuine issue of any material fact, and even the slightest doubt as to the existence of such a question precludes summary judgment." <u>Laidlaw v. Krystal Co.</u>, 53 So. 3d 1128, 1129 (Fla. 1st DCA 2011). "[T]he burden of proving the absence of a genuine issue of material fact is upon the moving party. . . . The proof must be such as to

4

overcome all reasonable inferences which may be drawn in favor of the opposing party." Holl v. Talcott, 191 So. 2d 40, 43 (Fla. 1966).

Applicable Law Concerning Slip and Fall

There is a great deal of confusion surrounding the retroactive application of section 768.0755, Florida Statutes, which became effective on July 1, 2010, and its effect on how to review slip and fall cases that occurred prior to its effective date. [2]

---

[2] We specifically decline to address whether the granting of summary judgment would have been appropriate under the new statutory section, section 768.0755, Florida Statutes (2010). In 2002, the Legislature enacted section 768.0710, which remained unchanged until 2010:

> **768.0710 Burden of proof in claims of negligence involving transitory foreign objects or substances against persons or entities in possession or control of business premises.**--
> (1) The person or entity in possession or control of business premises owes a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises, which includes reasonable efforts to keep the premises free from transitory foreign objects or substances that might foreseeably give rise to loss, injury, or damage.
> (2) In any civil action for negligence involving loss, injury, or damage to a business invitee as a result of a transitory foreign object or substance on business premises, the claimant shall have the burden of proving that:
> (a) The person or entity in possession or control of the business premises owed a duty to the claimant;
> (b) The person or entity in possession or control of the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises. Actual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim. However, evidence of notice or lack of notice offered by any party may be considered together with all of the evidence; and

Two recent cases out of this court dealing with the responsibility of business entities when a patron has slipped and fallen, along with conflicting opinions from the Third and Fourth District Courts of Appeal, may have contributed to this confusion.

In <u>Feris v. Club Country of Fort Walton Beach, Inc.</u>, 138 So. 3d 531 (Fla. 1st DCA 2014), this court held the denial of summary judgment was in error even

---

(c) The failure to exercise reasonable care was a legal cause of the loss, injury, or damage.

§ 768.0710, Fla. Stat. (2002).

In 2010, section 768.0710 was repealed and replaced with section 768.0755, Florida Statutes, which states:

**768.0755 Premises liability for transitory foreign substances in a business establishment.--**
(1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
(a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
(b) The condition occurred with regularity and was therefore foreseeable.
(2) This section does not affect any common-law duty of care owed by a person or entity in possession or control of a business premises.

§ 768.0755, Fla. Stat. (2010).

though there was no specific evidence of how long the liquid had been on the floor where there was "active negligence" by the employees of the premises in failing to enforce the rule against allowing drinks on the dance floor. In <u>Walker v. Winn-Dixie Stores, Inc.</u>, 39 Fla. L. Weekly D1750 (Fla. 1st DCA Aug. 20, 2014), this court affirmed a summary judgment on behalf of the defendant, Winn-Dixie, where there was no evidence of how long the dangerous condition existed before the fall, nor evidence that the condition occurred with regularity. The <u>Walker</u> panel distinguished <u>Feris</u> because in <u>Feris</u>, there was "'active' negligence by the employees of the premises," but in <u>Walker</u>, there was no "evidence of active negligence by Winn-Dixie employees." <u>Walker</u>, 39 Fla. L. Weekly at D1751.

Both cases discussed the retroactivity of section 768.0755, Florida Statutes. The <u>Walker</u> panel never ruled specifically on the retroactivity issue because no one challenged the applicability of the statute. <u>See Walker</u>, 39 Fla. L. Weekly at D1751 n.1. The court, however, did recognize that there was a split of authority concerning the applicability of that statute to accidents that occurred before its effective date. <u>See Kenz v. Miami-Dade County</u>, 116 So. 3d 461 (Fla. 3d DCA 2013) (holding section 768.0755 could be applied retroactively); <u>Pembroke Lakes Mall Ltd. v. McGruder</u>, 137 So. 3d 418 (Fla. 4th DCA 2014) (holding section 768.0755 did not have retroactive application); <u>Feris</u>, 138 So. 3d at 535-36 (indicating in dicta that section 768.0755 should not be applied retroactively).

7

The Feris court stated that because of the alleged active negligence "in failing to exercise reasonable care in the maintenance, inspection, repair, warning or mode of operation of the business premises," potential liability would attach under both the pre or post 2010 statute in that case, and thus the retroactivity issue was not dispositive. Feris, 138 So. 3d at 536. The court went on, however, to discuss fully the retroactivity issue, indicating that it could not be applied retroactively and expressing disapproval of the Third District's decision in Kenz v. Miami-Dade County, 116 So. 3d 461 (Fla. 3d DCA 2013). Feris, 138 So. 3d at 536.

In Kenz, the Third District held that the statute should be applied retroactively as a procedural rather than substantive statute because it merely changed the burden of proof for proving a slip and fall case. Kenz, 116 So. 3d at 464. The Kenz court found that requiring "[a]ctual or constructive knowledge is not a 'new' required element of a prima facie case under section 768.0755, Florida Statutes." Kenz, 116 So. 3d at 466.

In Pembroke Lakes, the Fourth District disagreed with Kenz and stated in its analysis:

> Respectfully, we disagree with the Kenz court's conclusion because the 2010 statute, section 768.0755, reinserts the pre-Owens **knowledge element** into slip and fall claims. See Kelso v. Big Lots Stores, Inc., No 8:09-cv-01286-T-EAK-TGW, 2010 WL 2889882, at *2 (M.D. Fla. July 21, 2010) ("[Section 768.0755] adds a new element to the claim, creating a new legal obligation and attaching new legal

8

consequences to events that took place before the statute's enactment; therefore, the plaintiff's substantive rights are affected."). A comparison of the language used in revising the statutes compels this result. Section 768.0710(2)(b), the 2002 statute, states "[a]ctual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim," while section 768.0755(1), the newer statute, states "the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition."

The shift from 768.0710 to 768.0755 was far more than a simple procedural change to the burden of proof. See Castellanos v. Target Corp., No. 10-62456-CIV, 2011 WL 5178334, at *3 (S.D. Fla. Oct. 14, 2011). Under the 2002 statute, a plaintiff could succeed in a slip and fall case by showing "the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises," without showing the business had actual or constructive knowledge of the transitory foreign substance. Under the 2010 statute, however, the same plaintiff would be unable to successfully assert such a cause of action, no matter how persuasive or compelling the evidence the plaintiff had in support of the claim.

We also respectfully disagree with the Kenz court's conclusion that applying section 768.0755 retroactively would not abolish a plaintiff's cause of action. Slip and fall plaintiffs who could successfully assert a cause of action under the 2002 statute even without the owner having knowledge of the spill would be completely unable to pursue their causes of action if the 2010 statute was applied retroactively. If these plaintiffs were injured before the effective date of the statute, the imposition of section 768.0755 would result in a wholesale abolition of their accrued causes of action. That type of impediment to a preexisting cause of action is constitutionally impermissible. See Am. Optical, 73 So. 3d at 133.

Pembroke Lakes, 137 So. 3d at 426. We find the reasoning of the Fourth District to be persuasive.

9

As the Fourth Districted did in <u>Pembroke Lakes</u>, we certify conflict with the Third District's decision in <u>Kenz</u>, 116 So. 3d 461.

Applicability to our Case

As the Fourth District noted in <u>Pembroke Lakes</u>, under section 768.0710, Florida Statutes, a plaintiff could succeed in a slip and fall case where he or she could show negligence on the part of the business "by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises." <u>Pembroke Lakes</u>, 137 So. 3d at 426. This component of "active" negligence in causing the condition which led to the slip and fall, as previously pointed out, is the crucial distinction between our decisions in <u>Feris</u>, 138 So. 3d 531, and <u>Walker</u>, 39 Fla. L. Weekly D1750.

Allegations of such active negligence exist in this case. Because there is no indication that anyone other than Chick-fil-A's employees are allowed on the other side of the service door, it can reasonably be inferred that there was a lack of reasonable care (negligence) on the part of appellee in either the maintenance of the premises or in the mode of operation of the business which allowed the water to flow into the common area. Under such circumstances, summary judgment is inappropriate. <u>See</u> <u>Feris</u>, 138 So. 3d at 534.

REVERSED.

BENTON, J., CONCURS; MAKAR, J., CONCURS AND SPECIALLY CONCURS WITH OPINION.

10

MAKAR, J., concurring and specially concurring.

Ten years have passed since James Glaze, then a minor, slipped and was injured on a walkway in a common area of the Cordova Mall in Pensacola in March 2005. His mom filed this lawsuit in 2007, and only now, because of the glacial pace of the litigation below, are we reviewing the disposition of his negligence claim against Chick-fil-A, the mall tenant he alleges contributed to his fall (a settlement having been reached with the mall's owner).

In the past decade, the statutory law on business premises tort cases involving "transitory foreign substances" has changed markedly, presenting the issue of whether circa-2005 statutory standards apply or the current ones adopted in 2010. But Glaze did not raise this issue below or on appeal in his initial brief. In its answer brief, Chick-fil-A acknowledged that dicta in Feris v. Club Country of Fort Walton Beach, Inc., 138 So. 3d 531, 535 (Fla. 1st DCA 2014), which had been recently decided, stated that section 768.0755's displacement of section 768.0710 in 2010 was not meant to be retroactive; still, Chick-fil-A asserted, summary judgment was appropriate under either statute. Glaze's reply brief simply reasserted the same narrow argument from his initial brief: summary judgment was improper because he had presented proof that Chick-fil-A "had actual or constructive knowledge of the water on the floor of the hallway" where he fell (even though such knowledge isn't required under section 768.0710).

11

Ordinarily, Glaze's failure to preserve below and raise on appeal the issue of which statute applies would bar its consideration as waived. But Chick-fil-A has essentially conceded the issue on appeal by acceding to the dicta in Feris. Under these circumstances, an appellate court need not accept a party's concession, particularly if it would amount to bad law. See, e.g., Gonzalez v. Dep't of Health, 124 So. 3d 449, 450 (Fla. 1st DCA 2013) ("A confession of error . . . is not binding upon an appellate court, and it is the practice of Florida appellate courts not to accept erroneous concessions by the state.") (citation omitted). But we have chosen to address the matter to eliminate confusion and provide clear guidance on a district-wide basis. Thus, I have no disagreement with the conclusion, consistent with the dicta in Feris, that the stricter standard of section 768.0755 that now applies in these "transitory foreign substance" cases is not retroactive, a holding in which I concur.

Beyond that, two concerns exist that prevent me from joining the remainder of the panel's opinion. The first is a remedial one, meaning what should we do with this case now that we've held that section 768.0710 applies? Three factors support the conclusion that the most prudent remedy is for the trial judge on remand to review the matter anew under the correct version of the statute and all applicable evidence. One factor, of course, is that the trial judge applied the incorrect version of the statute. It was not error at the time for her to do so; after

12

all, she was required to follow the Third District's then-binding decision in <u>Kenz v. Miami-Dade County</u>, 116 So. 3d 461 (Fla. 3d DCA), which ruled that section 768.0755 applied retroactively. <u>See</u> <u>Pardo v. State</u>, 596 So. 2d 665, 666 (Fla. 1992) ("[I]n the absence of interdistrict conflict, district court decisions bind all Florida trial courts."). The second is that the trial court failed to consider Glaze's affidavit, which was stricken as untimely. The panel tacitly holds that the affidavit should have been considered, which was not done by the trial judge. The third—and perhaps most important factor—is that both parties presented their respective positions to the trial court as if the incorrect statute applied; they fashioned their motions and evidentiary presentations in accord with a mistaken understanding of the applicable law. Allowing the trial judge and the parties to reconnoiter and apply the correct law to all relevant evidence, including the affidavit and whatever relevant evidence may exist, allows for all involved to make their case and decisions—for the first time—under the proper legal standards and a full evidentiary record. Our Court would be in an equal position to the trial judge if the parties had been operating under the correct law with all of the evidence, and presented their cases accordingly, but that did not happen. A redo under these circumstances better serves all interests.

The second concern is that the panel's discussion of the record evidence related to the puddle of water, which consisted of only the Glaze family's

13

depositions and the affidavit, should not be misconstrued to suggest that Glaze has shown negligence or established an inference of negligence at this point in the litigation. Mr. Glaze's singular claim of negligence is governed by the burden of proof in section 768.0710, which requires evidence that Chick-fil-A "*acted negligently* by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises."[3] (Emphasis added). At most, Glaze has presented evidence that there was a puddle of water in the *mall's* common area walkway that *may* have originated from Chick-fil-A's restaurant. Even if we assume it did, Glaze has yet to produce any evidence that Chick-fil-A "acted negligently by failing to exercise reasonable care." § 768.0710(2)(a). The mere presence of a transitory foreign substance is insufficient to establish liability.

On this point, despite ten years of litigation that included much opportunity for discovery, no record evidence of negligence is yet apparent. Plaintiffs' counsel appears to have taken no depositions other than of Mr. Glaze, his sister, and his mother. No testimony or other evidence about the conduct of Chick-fil-A

---

[3] Though no party discusses the issue, the statute as written appears to apply to injuries from transitory foreign substances that occur *on* a defendant's "business premises." See, e.g., §§ 768.0710(1) ("The person or entity in possession or control of business premises owes a duty . . . for the safety of business invitees *on* the premises . . . ." (emphasis added)), and 768.0710(2) ("In any civil action involving loss, injury, or damage to a business invitee as a result of a transitory foreign object or substance *on* business premises . . . ." (emphasis added)). But here the fall occurred on the mall's premises, not Chick-fil-A's.

employees at this location or its business operations appear in the record; likewise, the record is virtually silent as to the mall's employees and its operations. The apparent lack of evidence that Chick-fil-A was aware (or should have been aware) of the puddle on the mall's walkway—which would otherwise be the death knell of a claim under section 768.0755[4]—nonetheless is potentially probative under section 768.0710, which states that "evidence of notice *or lack of notice* offered by any party may be considered together with all of the evidence" in deciding the negligence question. (Emphasis added). Although actual or constructive notice is not a "required element" of a plaintiff's case under section 768.0710, it remains a basis for demonstrating—or refuting—potential negligence.

---

[4] As the Fourth District has noted:

> Under the 2002 statute, a plaintiff could succeed in a slip and fall case by showing "the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises," without showing the business had actual or constructive knowledge of the transitory foreign substance. Under the 2010 statute, however, the same plaintiff would be unable to successfully assert such a cause of action, no matter how persuasive or compelling the evidence the plaintiff had in support of the claim.

Pembroke Lakes Mall Ltd. v. McGruder, 137 So. 3d 418, 426 (Fla. 4th DCA 2014), reh'g denied (Apr. 11, 2014) ("Slip and fall plaintiffs who could successfully assert a cause of action under the 2002 statute even without the owner having knowledge of the spill would be completely unable to pursue their causes of action if the 2010 statute was applied retroactively.").

Finally, section 768.0710 creates no inference of negligence based on the mere presence of a transitory foreign substance on a business premises. The panel's opinion uses language that suggests an inference of "active negligence" exists, akin to a res ipsa loquitur theory that neither party has advanced. But the water on the mall's common area walkway could not possibly have been in Chick-fil-A's *exclusive* control at the time of Glaze's injury, which a res ipsa loquitur instruction would require. Fla. St. J. Instr. (Civ.), § 401.7. The mall had at least some significant control over its own property. And while slips and pratfalls on wet surfaces often result from negligence, no record evidence establishes that the incident at issue is one that ordinarily "would not have happened without negligence." Id. Section 768.0710 does not impute negligence, or even actual or constructive notice, simply because of a watery surface. See Delgado v. Laundromax, Inc., 65 So. 3d 1087, 1090 (Fla. 3d DCA 2011) ("Because the mere presence of water on the floor is not enough to establish constructive notice, the record must contain additional facts in support of liability, to create a permissible inference upon which Delgado could rely in defense against Laundromax's motion for summary judgment."). To the extent the panel views this case, as currently postured, as establishing an inference of negligence, such an inference is insupportable.

16

In conclusion, our resolution of this case is retrograde in nature; its non-retroactivity holding applies to a limited class of cases and the remainder applies only to this case. I would remand for the trial court and the parties to proceed under the correct law and all applicable evidence.