NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TYMOTHY RAY MARTIN,                    )
                                       )
        Appellant,                     )
                                       )
v.                                     )        Case No. 2D16-4468
                                       )
STATE OF FLORIDA,                      )
                                       )
        Appellee.                      )
                                       )
_____)

Opinion filed May 4, 2018.

Appeal from the Circuit Court for
Hillsborough County; Chet A. Tharpe,
Judge.

Howard L. Dimmig, II, Public Defender
and Kevin Briggs, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee and Jonathan A. Hurley,
Assistant Attorney General, Tampa,
for Appellee.


LUCAS, Judge.

        Tymothy Martin appeals his judgment and sentence for one count of

felony battery.  Mr. Martin raises several issues on appeal.  Because we hold that

section 776.032, Florida Statutes (2016), applies retroactively to his case, we reverse

and remand for the circuit court to convene a new "Stand Your Ground" hearing under the statute as amended. Mr. Martin's remaining issues are without merit.

I.

One evening in February of 2016, Mr. Martin and his girlfriend, Kathryn Lawson, went out for a night on the town that ended in an altercation in a McDonald's parking lot over who should drive to their next destination. According to Ms. Lawson, Mr. Martin punched her twice in the face after she refused to get into the vehicle. According to Mr. Martin, it was he who refused to get in the car, which prompted Ms. Lawson to threaten him with a firearm; he attempted to disarm her, and in the ensuing scuffle, elbowed her in the face (and, at some point, somehow got himself shot in the arm).

The State charged Mr. Martin with one count of felony battery causing great bodily harm, permanent disability, or permanent disfigurement under section 784.041(1), Florida Statutes (2016). Mr. Martin filed a motion to establish immunity under section 776.032. The trial court held a hearing on the motion and ultimately denied it, ruling that "[a]fter hearing the testimony of the witnesses, the review of the evidence that has been offered as exhibits, the court finds that *the defense has not met their* burden and I'll deny the motion." (Emphasis added.) Mr. Martin's case proceeded to a jury trial, and he was convicted as charged.

Mr. Martin filed the present appeal, but while this appeal was pending, the Florida Legislature amended section 776.032 to modify which party bears the burden of proof in a self-defense immunity hearing. See ch. 2017-72, § 1, at 898-99, Laws of Fla.

(2017).[1] The Florida Legislature's amendment to section 776.032 added the following provision:

> (4) In a criminal prosecution, once a prima facie claim of self-defense immunity from criminal prosecution has been raised by the defendant at a pretrial immunity hearing, the burden of proof by clear and convincing evidence is on the party seeking to overcome the immunity from criminal prosecution provided in subsection (1).

Thus, as it now stands, the State bears the burden of disproving, by clear and convincing evidence, a facially sufficient claim of self-defense immunity in a criminal prosecution. On appeal, Mr. Martin argues that this amendment is retroactive in its application, that it applies to his case, and that he is entitled to a new immunity hearing. We agree.

## II.

### A.

We begin with some basic postulates about the application of statutory amendments. Statutory amendments may take one of three forms: substantive, which are usually applied prospectively, or procedural or remedial, either of which may apply retroactively to pending proceedings. See Orlando v. Desjardins, 493 So. 2d 1027, 1028 (Fla. 1986). Whether a statutory amendment is characterized as substantive versus procedural in nature becomes a critical determination for purposes of an

---

[1]When section 776.032 was enacted in October 2005, there was no prescribed procedure that a trial court should employ when a defendant claimed immunity under the statute. The Florida Supreme Court crafted a procedure in two opinions. First, in Dennis v. State, 51 So. 3d 456, 463 (Fla. 2010), the supreme court held that immunity under section 776.032 should be determined at a pretrial evidentiary hearing. Then, in Bretherick v. State, 170 So. 3d 776, 779 (Fla. 2015), the supreme court clarified that the defendant bears the burden of proving entitlement to immunity by a preponderance of the evidence.

amendment's temporal application.[2]  See R.A.M. of S. Fla., Inc. v. WCI Cmtys., Inc., 869 So. 2d 1210, 1216 (Fla. 2d DCA 2004) (describing rule of statutory construction "which establishes a presumption against the retroactive application of substantive law—as distinct from procedural or remedial law—in the absence of a clear expression of legislative intent that the statute be given retroactive effect"); Merrill Lynch Tr. Co. v. Alzheimer's Lifeliners Ass'n, 832 So. 2d 948, 952 (Fla. 2d DCA 2002) ("It is well-settled that statutory provisions that are substantive in nature may not be applied retroactively, while procedural provisions may be applied retroactively."); Webb v. Webb, 765 So. 2d 220, 221 (Fla. 2d DCA 2000) ("The general rule [of statutory construction] is that a substantive statute will not operate retrospectively absent clear legislative intent to the contrary, but that a procedural or remedial statute is to operate retrospectively." (alteration in original) (quoting State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So. 2d 55, 61 (Fla. 1995))); Basel v. McFarland & Sons, Inc., 815 So. 2d 687, 692 (Fla. 5th DCA 2002) ("In the absence of clear legislative intent, a law affecting substantive rights is presumed to apply prospectively only while procedural or remedial statutes are presumed to operate retrospectively." (citing Young v. Altenhaus, 472 So. 2d 1152 (Fla. 1985))).  Broadly speaking, substantive law is that which "prescribes duties and rights,"

---

[2]In spite of a presumption against retrospective application, even substantive amendments can occasionally be applied retroactively.  As the Florida Supreme Court explained in Smiley v. State, 966 So. 2d 330, 336 (Fla. 2007), "[t]o rebut this presumption against retroactive application, such legislation is generally subjected to the following two interrelated inquiries . . . 'whether there is clear evidence of *legislative intent* to apply the statute [retroactively] [and] [i]f the legislation clearly expresses an intent that it apply retroactively, then the second inquiry is whether retroactive application is *constitutionally permissible*.' " (second alteration in original) (quoting Metro. Dade County v. Chase Fed. Hous. Corp., 737 So. 2d 494, 499 (Fla. 1999)).

- 4 -

while "procedural law concerns the means and methods to apply and enforce those duties and rights." Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1358 (Fla. 1994). Amendments are procedural in nature if they "do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing." Smiley v. State, 966 So. 2d 330, 334 (Fla. 2007) (quoting City of Lakeland v. Catinella, 129 So. 2d 133, 136 (Fla. 1961)). In the context of criminal cases specifically, "substantive law is that which declares what acts are crimes and prescribes the punishment therefor, while procedural law is that which provides or regulates the steps by which one who violates a criminal statute is punished." State v. Garcia, 229 So. 2d 236, 238 (Fla. 1969). Discerning the precise contours between these distinctions can occasionally pose a challenge. Cf. Hanna v. Plummer, 380 U.S. 460, 471 (1965) ("The line between 'substance' and 'procedure' shifts as the legal context changes."). But this amendment does not appear to be one of those occasions.

In Florida, statutory changes to the burden of proof—the change at issue here—are invariably deemed procedural in nature for purposes of retroactive application.[3] See, e.g., Shaps v. Provident Life & Acc. Ins. Co., 826 So. 2d 250, 254

_____

[3]The term "burden of proof" is often criticized for its imprecision; whether it is meant as a burden to initially present evidence or a burden to ultimately persuade a finder of fact. See Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49, 56 (2005) ("The term 'burden of proof' is one of the 'slipperiest member[s] of the family of legal terms.' " (quoting 2 J. Strong, McCormick on Evidence § 342, p. 433 (5th ed.1999))); Fla. Dep't of Transp. v. J.W.C. Co., 396 So. 2d 778, 787 (Fla. 1st DCA 1981) ("The term 'burden of proof' has two distinct meanings. By the one is meant the duty of establishing the truth of a given proposition or issue by such a quantum of evidence as the law demands in the case in which the issue arises; by the other is meant the duty of producing evidence at the beginning or at any subsequent stage of the trial, in order to make or meet a prima facie case." (quoting In re Estate of Ziy, 223 So. 2d 42, 43 (Fla. 1969))). We read this amendment's use of "burden of proof" in keeping with its more common usage, as referring to the burden of persuasion, because the evidentiary threshold of "clear and

(Fla. 2002) ("[G]enerally in Florida the burden of proof is a procedural issue."); Walker & LaBerge, Inc. v. Halligan, 344 So. 2d 239, 243 (Fla. 1977) ("Burden of proof requirements are procedural in nature. . . . [and] could be abrogated retroactively because 'no one has a vested right in any given mode of procedure.' " (citations omitted) (quoting Ex parte Collett, 337 U.S. 55, 71 (1949))); Kenz v. Miami-Dade County, 116 So. 3d 461, 464 (Fla. 3d DCA 2013) ("Indeed, under Florida case law, issues relating to a party's burden of proof are generally procedural matters."); see also Ziccardi v. Strother, 570 So. 2d 1319, 1321 (Fla. 2d DCA 1990) (determining that reenactment of civil RICO statute, which altered the burden of proof and removed punitive damages as an element of compensation, could be applied retroactively; "[u]nder these circumstances, we do not agree . . . that modification of the burden of proof in this statute amounted to a substantive change in the law").[4]  In light of Florida's

_____

convincing evidence" is a measurement of that type of burden.  Cf. Allstate Ins. Co. v. Vanater, 297 So. 2d 293, 295 (Fla. 1974) (defining the "three basic standards by which the sufficiency of evidence is weighed by fact-finders" as: preponderance of the evidence, proof beyond and to the exclusion of a reasonable doubt, and clear, convincing, and satisfactory evidence).

[4]But see Raleigh v. Ill. Dep't of Revenue, 530 U.S. 15, 20-21 (2000) ("Given its importance to the outcome of cases, we have long held the burden of proof to be a 'substantive' aspect of a claim."); Cent. Vt. Ry. Co. v. White, 238 U.S. 507, 512 (1915) ("But it is a misnomer to say that the question as to the burden of proof as to contributory negligence is a mere matter of state procedure.  For, in Vermont, and in a few other states, proof of plaintiff's freedom from fault is a part of the very substance of his case."); State v. Fletcher, 717 P.2d 866, 871 (Ariz. 1986) ("The burden of proof is considered substantive." (citing Dick v. N.Y. Life Ins. Co., 359 U.S. 437, 446 (1959))); Dunlap v. Kentucky, 435 S.W.3d 537, 573 (Ky. 2013) (collecting cases and observing, "[a]s in Pennsylvania, courts in Kentucky have variously described burdens of proof as procedural or substantive"); Commonwealth v. Sargent, 503 A.2d 3, 6 (Pa. Super. Ct. 1986) ("A statute establishing a burden of proof is difficult to classify as either a procedural rule or a rule affecting substantive rights and seems to contain elements of each."); see also Amendments to Florida Rules of Criminal Procedure and Florida Rules of Appellate Procedure, 875 So. 2d 563, 567 (Fla. 2004) (Pariente, J., concurring)

precedents on this point, we need not belabor the analysis.  Subsection (4) now ascribes to the State what had, under common law precedent, been the defendant's burden of proof.  That is not a substantive change.  Neither the substantive rights of a successful claim of immunity nor the necessary elements of proof to establish a claim of immunity were altered by the June 9, 2017, amendment.  Cf. Metro. Dade County v. Chase Fed. Hous. Corp., 737 So. 2d 494, 499 (Fla. 1999) ("A retroactive statute is one which gives to preenactment conduct a different legal effect from that which it would have had without the passage of the statute." (quoting Charles B. Hochman, The Supreme Court and the Constitutionality of Retroactive Legislation, 73 Harv. L. Rev. 692, 692 (1960))).  As such, under Florida law, it is a procedural amendment that the legislature wrought, one which can be applied retrospectively.[5]

_____

(explaining one of the reasons why the court omitted a burden of proof in its adoption of Florida Rule of Criminal Procedure 3.203: "[b]ecause of concerns about whether the burden of proof is a substantive or procedural requirement . . . it is preferable to omit the burden of proof enunciated by the legislature from our rule of procedure regarding mental retardation").  Interestingly, evidentiary presumptions, which affect the burden of proof, have at times been characterized as substantive in nature.  See Pub. Health Tr. of Dade Cty. v. Valcin, 507 So. 2d 596, 601 (Fla. 1987) ("Rebuttable presumptions which shift the burden of proof are 'expressions of social policy,' rather than mere procedural devices employed 'to facilitate the determination of the particular action.' " (first quoting Caldwell v. Div. of Ret., Fla. Dep't of Admin., 372 So. 2d 438, 440 (Fla. 1979); then quoting § 90.303, Fla. Stat. (1985))).  The amendment at issue before us does not purport to create or modify an evidentiary presumption, however.

    [5]In its answer brief, the State posits that retroactive application of the 2017 amendment would violate article X, section 9 of the Florida Constitution, which provides that "[r]epeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed."  Being bound to conclude that the amendment was procedural in nature, we are also bound to reject the State's argument.  As the Florida Supreme Court explained long ago, this constitutional provision "relates to the offense itself, or the punishment thereof, and not to the remedy or procedure which the legislature may enact for the prosecution and punishment of offenses, unless the change in the remedy should affect in some way the substantial rights of defense."  Mathis v. State, 12 So. 681, 687 (Fla. 1893); see also Grice v. State, 967 So. 2d 957,

We must next determine whether Mr. Martin's case was "pending" at the time of the June 9, 2017, amendment. Our court has observed that "procedural or remedial changes [to statutes] may be immediately applied to pending cases, including in some instances cases pending on direct appeal." Heilmann v. State, 310 So. 2d 376, 377 (Fla. 2d DCA 1975) (footnote omitted); see also Rothermel v. Fla. Parole & Prob. Comm'n, 441 So. 2d 663, 665 (Fla. 1st DCA 1983) ("Although we have found no Florida case squarely on point with respect to the applicability of the principles of law enunciated above to cases pending on appeal, it appears that the prevailing rule is that cases pending on appeal and not yet determined are affected by legislative acts which pertain only to remedy or procedure."); Turner v. United States, 410 F.2d 837, 842 (5th Cir. 1969) ("[C]hanges in statute law relating only to procedure or remedy are usually held immediately applicable to pending cases, including those on appeal from a lower court."); Bowles v. Strickland, 151 F.2d 419, 420 (5th Cir. 1945) ("A suit in process of appeal . . . is a pending suit."). So, too, we conclude that Mr. Martin's case was still pending when the legislature amended section 776.032 by virtue of his appeal pending before this court.

Adhering to stare decisis, we must hold that the June 9, 2017, amendment to section 776.032 changing the burden of proof was procedural in nature. Because his appeal remained pending before us at the time the amendment took effect, the

960 (Fla. 1st DCA 2007). Because the issue has not been argued, we do not address the separate constitutional question of whether the amendment could constitute a violation of article V, section 2(a) of the Florida Constitution. Cf. Rodriguez v. State, 43 Fla. L. Weekly D304 (Fla. 3d DCA Feb. 7, 2018) (declining to exercise jurisdiction over petition for writ of prohibition where trial court had ruled that the amendment, being procedural, was an unconstitutional violation of the separation of powers).

amendment should be applied to Mr. Martin's case.  How to now apply it is the only issue left to decide.  We address the scope of remand below.

B.

"Where the burden of proof lies on a given issue is, of course, rarely without consequence and frequently may be dispositive to the outcome of the litigation or application."  Lavine v. Milne, 424 U.S. 577, 585 (1976).  If the burden of proof is indeed procedural in nature, it is an aspect of procedure that carries a profound influence over the tenor, tone, and tactics in a legal proceeding.  Mr. Martin's case is reflective of this.  At the original immunity hearing, when the burden of proof was Mr. Martin's, he waived his Fifth Amendment right to remain silent and testified in his own defense, while the State argued that Mr. Martin failed to meet his burden through the presentation of Ms. Lawson's and the investigating detectives' testimony.  Now, with the retroactive procedural amendment, it is the State that must marshal the evidence to prove by clear and convincing evidence that immunity does not apply to the facts presented at the hearing, a significantly different position than it found itself in before.  Mr. Martin will also find himself in a markedly different stance under the amended statute's hearing provision, as he no longer bears the burden of establishing his entitlement to immunity by a preponderance of the evidence.

Under these circumstances, we do not believe that a new determination of statutory immunity can be meaningfully gleaned from Mr. Martin's prior Stand Your Ground hearing, not when a potentially dispositive component of adjudication such as the burden of proof has been fundamentally altered.  Cf. McDaniel v. State, 24 So. 3d 654, 656-58 (Fla. 2d DCA 2009) (remanding for a new hearing on defendant's motion to

dismiss based on Stand Your Ground immunity where the original order was silent regarding the evidentiary standard that applied); Glaze v. Worley, 157 So. 3d 552, 558 (Fla. 1st DCA 2015) (Makar, J., concurring) ("Our Court would be in an equal position to the trial judge if the parties had been operating under the correct law with all of the evidence, and presented their cases accordingly, but that did not happen. A redo under these circumstances better serves all interests."). We therefore hold that Mr. Martin is entitled to a new evidentiary hearing on remand.

C.

Because we are reversing and remanding for a new immunity hearing under section 776.032, Mr. Martin's conviction must be reversed as well. And here we must pause to acknowledge that since Mr. Martin asserted a justifiable use of force affirmative defense in his trial, the jury's verdict would seem to have addressed many, if not all, of the issues underlying Mr. Martin's immunity claim. But section 776.032 is an immunity statute. Cf. Little v. State, 111 So. 3d 214, 217-18 (Fla. 2d DCA 2013) ("The Stand Your Ground law . . . grants criminal immunity to persons using force as permitted in sections 776.012, 776.013, or 776.031."); Rosario v. State, 165 So. 3d 852, 854 (Fla. 1st DCA 2015) ("Florida's Stand Your Ground law is intended to establish a true immunity from charges and does not exist as merely an affirmative defense."); see also Dennis v. State, 51 So. 3d 456, 462 (Fla. 2010) ("[S]ection 776.032 contemplates that a defendant who establishes entitlement to the statutory immunity will not be subjected to trial."). Having raised a facially sufficient claim, Mr. Martin was entitled to an immunity hearing—which, now that the statute has been amended, means one where the State bears the burden of proof—before a jury could have been empaneled

to decide whether Mr. Martin was justified in his use of force against Ms. Lawson.  See Dennis, 51 So. 3d at 462.  Because of this amendment's relatively recent passage, that hearing has not yet occurred.  We are confident that the circuit judge who presides over Mr. Martin's immunity hearing on remand will not rely upon the prior jury's determination that we are vacating but will convene a new evidentiary hearing in an appropriate fashion, consistent with this court's opinion and the statute's amended burden of proof.

If, after the conclusion of that hearing, the circuit court concludes that Mr. Martin is entitled to statutory immunity, it shall enter an order to that effect and dismiss the information with prejudice.  See McDaniel, 24 So. 3d at 657.  If, on the other hand, the circuit court determines that Mr. Martin is not entitled to immunity, the court shall enter an order reflecting its findings and reinstate Mr. Martin's conviction.  Id.

III.

We hold that the 2017 amendment to section 776.032, the Stand Your Ground law, is procedural in nature and, therefore, retroactive in application; that, as such, it applies to pending cases, including those on appeal; and that Mr. Martin is entitled to a new immunity hearing under the amended procedure of the statute. Accordingly, we must reverse the circuit court's judgment and conviction.

Having so held, we recognize that courts of other jurisdictions have reached contrary conclusions as to whether a statutory amendment to a burden of proof is procedural or substantive in nature.  See supra n.4.  We are also mindful of the fact that applying section 776.032's amendment retroactively, as we have now held it must be applied, could impact a significant number of criminal proceedings.  Therefore,

- 11 -

pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), we certify the

following question of great public importance to the Florida Supreme Court:

> IS THE 2017 AMENDMENT TO SECTION 776.032 OF THE FLORIDA STATUTES PROCEDURAL IN NATURE SUCH THAT THE AMENDMENT SHOULD BE APPLIED RETROACTIVELY TO CASES THAT WERE PENDING IN FLORIDA COURTS AT THE TIME OF THE AMENDMENT'S ENACTMENT?

We would answer the question in the affirmative.

Reversed and remanded with instructions; question certified.


CASANUEVA and SLEET, JJ., Concur.